## Gilmore *against* Thompson.

A purchaser of land at a treasurer's sale for taxes, whose title is defeated by proof of the actual payment of the tax for which the land was sold, is nevertheless entitled to recover compensation for the improvements made by him.

APPEAL from the circuit court of *Butler* county.

This was an ejectment by Samuel A. Gilmore against John Thompson and others to recover a tract of land.

The plaintiff had a legal title for the land. The defendants relied upon a sale of the land to them by the treasurer for taxes. In answer to which, the plaintiff proved that the tax for which the land had been sold to the defendants had been paid previously to the sale. The only question which arose in the case was, whether the defendants were entitled to recover compensation for improvements made

[Gilmore v. Thompson.]

on the land by them after their purchase ?   The court instructed the jury in the affirmative ; and this was the ground of appeal.

*Purviance,* for the appellant.

The taxes in this case being paid, there was no jurisdiction to sell, and the sale is void to all intents and purposes.   The act of 1815, which provides for the sale of unseated lands, authorizes the sale of land for arrearages of taxes.   In this case, there being no arrearages, there was no authority to sell.   The original owner having paid his taxes, was guilty of no laches or neglect, and was not bound to take notice of the sale ; and in the present instance, the land being assessed in different names, it was difficult to obtain notice of the sale. The act of the 1st of March 1780 exempts donation land from taxation whilst in the hands of his donee or his representative.   Would a sale in a case of this kind vest any title for any purpose?   The holder of a donation patent, being under no obligation to attend to his land, no treasurer's sale could divest him of his right.   The object of the laws relating to unseated lands, would seem to be the punishment of those who are remiss in the payment of their taxes ; but where no taxes are to be paid, or where they have been paid, the object of the law ceases and the jurisdiction is entirely gone.

The proviso in the act of 1815 relates only to minors, to whom the privilege of redemption is given two years after the disability of nonage is removed ; and in such cases they are compelled to pay for the improvements.   But this is only in cases where they have omitted to pay the taxes or to redeem until within the two years referred to. A minor of fifteen years of age redeems land sold ; is he compelled to bring his ejectment within two years after he comes of age?   Certainly not : otherwise minors would be in a worse situation than adults.   The provision was intended for their benefit and not their disadvantage, and relates only to the cases which it enumerates. To extend it beyond the proviso, you would compel the owner of unseated land, although he regularly paid the taxes thereon, to pay them over again, and that too as often as his land might be sold in another name ; as also those who had redeemed their land within two years after sale, would be compelled to pay the value of the improvements made, and the taxes and costs and percentage.   To extend the doctrine thus far would carry it to the case of donation lands, which were never contemplated by the framers of the law.

*Sullivan* and *Ayres,* for the appellees.

The land was subject to taxation, and was taxed.   But a mistake occurred in taxing it in the name of two individuals.   This made no difference.   The act of 1815 cures the defects of irregular sales ; and it was clearly the intention of the legislature to secure to the purchaser at treasurer's sale the value of his subsequent improvements.   Creigh et al. *v.* Wilson et al., 1 *Serg. & Rawle* 38 ; Stewart *v.* Shoenfelt, 13 *Serg. & Rawle* 368.   By this provision, the owner is not injured.

[Gilmore v. Thompson.]

He pays merely the actual value of them at the time of recovering. In many cases it is utterly impossible to discover whether the land is taxed at all. Honest purchasers are not to be injured by the negligence or mistakes of officers. In this case there was no notice on the public books of the payment of the taxes. How was the fact to be ascertained? The purchaser is bound to go no further than to see that there was an assessment. The payment of taxes is not a subject into which he is bound to inquire. The valuation belongs to the jury, and it matters not whether the sale was regular or irregular : for the fact is, that it is only in cases where the title is worth nothing, that the value of the improvements can be claimed.

*M. S. Lowrie,* in reply.

The defendants in this case cannot complain of hardship, for by consulting the unseated land book, they would have found that the taxes had been paid before the sale. However, that has nothing to do with the case. This case, like all others, should be decided according to *law,* and should hardship result it belongs to another tribunal to apply the correction.

The point in this case may be considered under two aspects. Are the defendants entitled to the value of their improvements under the act of 1815? If not, is there any thing in the act of 1804, or in the decisions under it, that would so entitle them? The question in this case arises under the proviso of the fourth section of the act of 1815, in which it is provided that minors or insane persons residing within the United States shall have two years to redeem in two years after disability be removed : but where a recovery is effected in such cases, the value of improvements shall be first assessed and paid to the defendants. What is the extent of this condition? Four "cases" are mentioned in the fourth section, two in the body of the section, and two in the proviso. The condition as to the value of the improvements, is altogether satisfied by the cases mentioned in the proviso. Had all the cases been mentioned in the body of the section, and the condition only appeared in the proviso, there would have been some grounds for the construction contended for by the counsel of the appellees. But where two cases are mentioned in the body of the section and two in the proviso, and a condition annexed to the cases in the proviso, it seems to be a forced construction to refer such condition to all the cases in the section. This opinion is strengthened by two additional considerations. The nature of the first case, in the body of the section, forbids the idea that the condition should extend to it. That is the case of the taxes, costs and twenty-five per cent, being tendered within two years. Surely it could not have been the intention of the legislature that the purchaser should go on and improve the land, and recover the value of his improvements in such case. In many cases this might destroy the right of redemption entirely, or the value of the land might be sunk in the value of the improvements in that time ; and the cir-

cumstance of twenty-five per cent being allowed the purchaser, shows that it was the intention of the legislature that he should be compensated for lying out of his money in that way, in case the land should be redeemed.   It would seem, then, that the condition cannot be consistently applied to the first case, in the body of the section, and if not to the first, the second must also be exempted, which is our case.    Another consideration : there is a reason for allowing value of improvements where the original owner labours under disabilities, for those might not be removed for twenty years, and it would be unreasonable that the purchaser should so long lie out of his money, therefore he should have liberty to improve the land and recover the value of such improvements.

But the case of Creigh *v.* Wilson, 1 *Serg. & Rawle* 38, under the act of 1804, has been relied upon.   The policy of the two acts seems to be entirely different, and a decision made under the one would not therefore be binding under a similar clause of the other.    The two cases, however, are entirely different.   That was a suit brought within five years, and a recovery effected on account of irregularity in the sale.   In the present case the sale was absolutely void *ab initio.*   A case under the act of 1815, similar to Creigh *v.* Wilson under the act of 1804, would be, where the original owner, within two years, tendered taxes, costs and twenty-five per cent, where, as shown before, the purchaser would not be entitled to the value of his improvement.

The opinion of the Court was delivered by

GIBSON, C. J.—The provision for compensation under the act of 1804, was restrained to no particular case within the limitation of five years; on the contrary it was extended to every recovery for irregularity in the assessment, process or sale.    The same provision was repeated in the act of 1815, when the legislature narrowed the ground of recovery to cases where the tax had been paid previously to the sale, or subsequently by redemption.    Why then should not the provision for compensation be as broad, under either act, as the right of recovery, which is put by the latter on the same footing, whether it rests on previous or subsequent payment of the taxes?   It was introduced to protect all *bona fide* purchasers, without distinction, who should expend their money or their labour in confidence of the title.    In this instance the land was accidentally the subject of double taxation, having been assessed in the names of different owners; and the tax laid upon it under the apparent title purchased by the defendant, had not been paid as such.    But the tax assessed in the name of the other apparent owner was actually paid; and as the land is liable but to one tax, it follows that payment of it in either name discharged the duty.    That was the ground on which the plaintiff himself sustained his right to recover.    Putting out of view then the circumstance of double assessment, as immaterial to the question, we have an ordinary case of actual payment of which the

[Gilmore v. Thompson.]

purchaser might know nothing; and as satisfaction of the duty gives, on the one hand, an equal right of recovery, whether it were before the sale or after it, so does it, on the other, give an equal right to compensation, with this difference perhaps, that in a case like the present, a defendant is entitled to claim for all improvements previous to the verdict, while those made after an offer to redeem might be deemed to have been made in the defendant's wrong. But there might perhaps be circumstances to justify a retention of the possession even after tender; as where the title of the party making the tender is doubtful: but that is not a point for present adjudication, and we intimate no opinion on it. Nothing can be fairer in the abstract than the principle of compensation; and though it may be abused in its application, it is the business of those who preside over the deliberations of juries to look to that—certainly not to restrain the obvious design of the legislature for fear of such abuse. In the case before us, the facts of double assessment and payment were unknown to the defendant; and as they were such as he might fairly contest, compensation was justly allowed him for all expenditures previous to the trial.

Judgment affirmed.