## Miller *against* Keene.

## Keene *against* Lownsbury.

A party may refer to a survey as evidence of a boundary without producing the warrant or draught, not for the purpose of making title under it, but as an abuttal or land mark, especially if it be sustained by a witness who had traced the lines on the ground.

A written recognition of the title of a person, not in the actual possession of land, and an offer to purchase by him in possession, effectually rebuts the allegation of adverse possession, and avoids the effect of the statute of limitations.

He who purchases unseated land at treasurer's sale, and improves it, knowing that the land was seated at the time the tax was assessed and payable, is not entitled to compensation for improvements upon a recovery against him in ejectment.

Upon a writ of error to remove a verdict and judgment in ejectment for the plaintiff, and an assessment in favour of the defendant, of the value of his improvements upon the land recovered, the judgment for the plaintiff was affirmed, and the assessment in favour of the defendant quashed, as forming no part of the verdict.

ERROR to the common pleas of *Tioga* county.

This was an action of ejectment by Sarah L. Keene against Wright Lownsbury, Amos Spencer, Leander K. Spencer, Mehitable Miller, Orin Noble, Aaron Gilbert and Christopher Huntingdon for five hundred acres of Land, in which the jury found a verdict " for the plaintiff for the land described in the writ and value the improvements to Orin Noble, 355 dollars; to Wright Lownsbury, 124 dollars; to Aaron Gilbert, 24 dollars; and to Amos Spencer, 56 dollars," upon which judgment was rendered. Each party sued out a writ of error. The plaintiff gave evidence of a perfect legal title in herself. The defendants relied for their defence upon the statute of limitations and upon a title derived from a sale of the land as unseated for taxes and a purchase by them. In order to rebut the effect of the statute of limitations, the plaintiff gave in evidence several letters of the defendants, and those under whom they claim, recognizing the plaintiff's title as good, and offering to purchase when the terms should be made known. And to rebut the evidence of the commissioners' title, it appeared clearly in evidence, that the lands were not unseated, but were in actual occupancy of the defendants, at the time they purchased.

The court instructed the jury that the letters acknowledging the title of the plaintiff avoided the operation of the statute of limitations; and this was the error assigned by the defendants below.

The court also instructed the jury, that the fact of the land being seated, avoided the commissioners' title; but that the defendants were entitled to compensation for their improvements: and the latter part of this opinion was the error assigned by the plaintiff below.

[Miller v. Keene.]

*Elwell* and *Williston,* for defendant below.
*Parsons,* for plaintiff below.

The opinion of the Court was delivered by

GIBSON, C. J.—As each party has taken a writ of error, it is convenient to begin with the defendant's assignment: and first, as to the bill of exceptions to evidence.

The plaintiff was properly permitted to refer to the survey as evidence of boundary without producing the warrant or draught. Had it been introduced to make title under it, the case would have been different; but it was an abuttal which had received a name from reputation, and it was open to either party to give evidence of it as a land mark, especially by a witness who had traced the lines of it on the ground. The testimony that it adjoined the disputed tract in a particular direction, was entirely proper.

Defence was made on the statute of limitations; and the plaintiff, to show that the possession was not adverse, gave evidence of written recognitions of the title with offers to purchase during the pendency of an ejectment which was withdrawn or not prosecuted, and the question stood upon their legal effect. That the allegation of adverse possession was effectually rebutted by them, is a truth that can scarcely be illustrated. To suffer an occupant to amuse the proprietor with professions of submission till the title were barred by time, and then to set him at defiance, would give an effect to artifice which the legislature certainly never intended to produce. It is not to be credited that the defendants in the ejectment formerly pending, were not saved by these professions alone, for they made no show of defence. The statute, it has been held, runs not to protect a fraud secretly committed; and why should it run to protect a fraud secretly meditated? Its justice is displayed in its protection from litigation deferred by accident or design till the foundation of the right is obscured or destroyed; not in protection from the consequences of delay induced by the party claiming it. In the latter case it is the party out of possession who is the sufferer; and it would be monstrous to bar him on pretence that his forbearance may have been prejudicial to his adversary. To him who has, in fact, no title, delay is in every way advantageous, while to him whose title depends on the existence of evanescent proofs, it may be destructive, even within the period necessary to complete the bar of the statute. If the occupant has more than an adverse possession, let him not procrastinate the event, but invite his adversary at once to a trial. To be put off by stratagem while the props of the title are consuming, is itself an injury; and if the annihilating effect of the statute be added to it, it is evident that it is called in but to complete the work of injustice. In Comegys v. Carley, 3 *Watts* 280, it was said that possession taken adversely by an agent, of the owner, would be an abuse of confidence, and, therefore, insufficient to bar him; but it would certainly be no more so than the present attempt

[Miller v. Keene.]

to turn the plaintiff's forbearance to her prejudice. It must be conceded that acknowledgments of title are evidence of holding by permission; and it remains but to say whether their effect is for the court or for the jury. That the question is a mixed one, was said in Comegys *v.* Carley; and, in such cases, the truth of the fact is for the one while the effect of it is for the other. On principle, however, the matter is entirely plain; for the consequences of the acknowledgment, being from policy an estoppel to preclude unfair dealing, is necessarily a matter of law, and so powerful in its conclusion as to prevent the jury from finding against it. On the defendant's writ, therefore, the judgment is affirmed.

The plaintiff assigns for error, that the jury have clogged her recovery, with compensation for improvements, though the defendants, themselves, were actually seated on the land when it was assessed. It was on that ground that it was recovered; and though an award of compensation was sustained in Gilmore *v.* Thompson, 3 *Watts* 106, where the tax had been paid, yet it was because the purchaser was ignorant of the fact, and, therefore, an innocent improver. But is a purchaser an innocent improver of land known to him to have been seated when it was taxed? There is no touch of innocence in his complexion. The business is to distinguish the valuation from the verdict; for it is certainly true that a judgment is ordinarily an entire thing that cannot be partly affirmed and partly reversed. Yet that is to be predicated with a grain of allowance; for it may undoubtedly be reversed for the costs which are a part of the entire sum, and affirmed for the residue, and in Hiester *v.* Boas, 6 *Serg. & Rawle* 30, where that was done, the rule was said to be inapplicable to a judgment for distinct matters. And in Bayne *v.* Gaylord, 3 *Watts* 301, an erroneous certificate of balance found on a plea of set-off, was quashed as being no part of the verdict, while the judgment was affirmed. The principle of that case rules the present. The value of improvements is ascertainable as a separate matter, for which there is neither judgment nor execution, the means of enforcement being a stay of proceedings till the amount be paid; and the assessment of compensation, therefore, is distinctly no part of the verdict.

Assessment of compensation quashed and judgment affirmed.