## McCANN v. SMITH.

Opinion delivered May 14, 1898.

1. LIMITATION—DONATION DEED.—Sand. & H. Dig., § 4819, provides that no action for the recovery of any forfeited lands shall be had against any person who may hold such lands under a donation deed, unless it appear that the plaintiff was seized or possessed of the lands within two

| | |
|---|---|
| 65 | 305 |
| 68 | 233 |
| 65 | 305 |
| 70 | 328 |
| 65 | 305 |
| 73 | 226 |
| 73 | 352 |
| 77 | 194 |
| 77 | 326 |
| 65 | 305 |
| 78 | 16 |

years. *Held*, that two years' adverse possession is not a bar to such an action where only a part of it was under the donation deed. (Page 308.)

2. RECOVERY OF DONATED LAND—IMPROVEMENTS.—One holding forfeited land under a donation deed from the state is entitled, upon a judgment being had against him by the owner for the possession of the same, to recover the value of the improvements made by him on the land after a certificate of donation was issued to him before the deed from the state was executed, as color of title is not made a condition of recovery in such case by the terms of the statute (Sand. & H. Dig., §§ 2595, 2597). (Page 309.)

3. SAME.—The original owner of land forfeited for taxes, on recovering it. is bound to pay for all improvements placed thereon in good faith after expiration of the period of redemption by one holding under the forfeiture, notwithstanding there was no default in the payment of the taxes. (Page 311.)

Appeal from Lee Circuit Court.

HANCE N. HUTTON, Judge.

This is an action commenced on June 12, 1896, by appellee against appellant for possession of a tract of land in Lee county. The plaintiff had judgment below.

The complaint showed a perfect chain of title. Defendant claims title under a donation deed issued to him by the commissioner of state lands, dated February 20, 1896, upon a certificate of donation issued to him December 27, 1892, and proof of improvements, residence, etc. The state's ownership was based upon a forfeiture for taxes of 1883, 1884 and 1885. The forfeiture was conceded to be void by reason of the fact that the taxes for that year had been paid by appellee in apt time; but the forfeiture and certificate of donation and deed executed to defendant were all regular upon their faces and on the record, and defendant has had actual and adverse possession continuously since his entry under his donation certificate—a period of more than four years up to the commencement of the suit. Defendant pleaded the two years statute of limitation, and also asked reimbursement for improvements in the sum of $529 made in good faith while in possession under his donation certificate.

The court held (1) that to sustain his plea of limitation defendant must show possession under his donation deed for a period of two years before commencement of the action—that

the period of possession under the certificate of donation could not be coupled with the possession under the deed issued thereon, so as to make out the two years' period of limitation; and (2) that a claim for improvement under Sand. & H. Dig., § 2590, could not be sustained where the possession was held under a certificate of donation—that a certificate of donation was not "color of title" in the meaning of that statute. From the judgment of the court defendant has prosecuted this appeal.

*McCulloch & McCulloch*, for appellant.

In order to sustain his plea of limitation, it is sufficient if defendant shows that he was holding under a donation deed from the state at the time of the institution of the suit, and that plaintiff had been out of possession and seisin for two years next before commencement of the suit. Sand. & H. Dig., § 4819; 57 Ark. 526. The same liberal construction should be given to this act as to other statutes of limitation. 53 Ark. 418; 57 Ark. 523; 58 Ark. 151; 60 Ark. 163; *ib.* 499. The holder of land under a donation certificate from the state has sufficient "color of title" to entitle him to betterments. 60 Ark. 163; 48 Ark. 183. The certificate has as much force to give color of title as has a deed with words of grant.

*Edwin Bevens*, for appellee.

In all the cases cited by appellant the adverse possession was for two years or more, after the execution of the deed of donation. See, also, 59 Ark. 460; 43 *id.* 398; 53 *id.* 423. The statute of limitations governing this case was passed before such a thing as a "donation certificate" existed in this state; hence the possession contemplated by it could not have been possession under a donation certificate. Act January 10, 1857. Possession under the donation *deed* is required. 140 U. S. 546. The act is to be strictly construed. 43 Ark. 398. The *certificate* of donation was not color of title under the "Betterment Act." Teid. R. Prop. p. 531, § 696; 3 Wash. Real Prop. 154; 47 Ark. 528.

BATTLE, J. Two questions are presented for our consideration and decision.

First. Is two years' adverse possession of a tract of land held by a donee, first under a certificate of donation, and then under a donation deed by the state, sufficient to bar an action against him, when the possession under the deed has not continued two years, and it is necessary to add it to that held under the certificate to make the two years' adverse possession?

Second. Is a donee, holding land under a donation deed executed to him by the state, entitled, in an action against him by the owner for the possession of the same, to recover the value of the improvements made by him on the land after a certificate of donation was issued to him, and before the deed was executed, when the land was sold or forfeited to the state after the taxes for which it was sold or forfeited had been previously and in due time paid, and the owner recovers a judgment against him, in such action, for the possession of the same?

1. The statute, so far as it relates to this case, provides as follows: "No action for the recovery of any lands, or for the possession thereof, against any person or persons, their heirs or assigns, * * * *who may hold such lands under a donation deed from the state,* shall be maintained, unless it shall appear that the plaintiff, his ancestor, predecessor or grantor, was seized or possessed of the lands in question within two years next before the commencement of such suit or action."

The possession necessary to bar the "plaintiff, his ancestor, predecessor, or grantor," must be held under the donation deed. Suppose a trespasser should hold adverse possession for two years, and the grantee in a donation deed for the land should oust him, and the original owner should bring an action against the grantee for the land before he has been in possession one year; the action would not be barred, although the plaintiff was not seized or possessed within two years next before the commencement of the action. So in this case the action is not barred. It is the adverse holding under the donation deed for two years that bars. Until the deed is executed, the grantee therein acquires no right, title or interest in the land, and acquires none by adverse possession. Sand. & H. Dig., § 4575, *et seq.*

2. Section 2595 of Sandels & Hill's Digest, so far as

it relates to this action, provides as follows: "No person shall maintain an action for the recovery of any lands, or for the possession thereof, against any person   *   *   *   *   * who may hold such lands under a donation deed from the state, unless the person so claiming such lands shall, before the issuing of any writ, file in the office of the clerk of the court in which suit is brought an affidavit setting forth that such claimant hath tendered to the person holding such lands in the manner aforesaid, his agent or legal representative, the amount of taxes and costs first paid for said lands, with interest thereon from the date of payment thereof, and the amount of taxes paid thereon by the purchaser 'subsequent to such , sale, with interest thereon, and the value of all improvements made on such lands by the purchaser, his heirs, assigns or tenants, after the expiration of the period allowed for the redemption of lands sold for taxes, and that the same hath been refused."

Section 2597 of the same digest provides: "If judgment shall be given against any such person, or his assigns, who hold any such lands, in favor of any person claiming the same, no matter by what manner of title, said judgment shall only be for possession of the premises in question; and damages shall be assessed in favor of said defendant for the amount of all taxes, costs and interest hereinbefore provided for, together with the value of all improvements made thereon after the expiration of the period allowed for the redemption of lands sold for taxes, for which judgment shall be entered in favor of said defendant, and the same shall be a lien upon such lands until satisfied."

In *Kelso* v. *Robertson*, 51 Ark. 397, it was held that no one was required by section 2595 to tender any taxes, penalty and costs for which his lands were sold, which he had paid previously to the sale, before he can bring suit for possession. He is not · required to pay them, because he has already done so. But that may not be true as to the improvements. If it is not, shall the person holding under a donation deed from the state, who has made the improvements upon the land in good faith, be entitled to nothing for them because the owner paid the taxes, for which the land was sold or forfeited to the state, before such sale? Shall the owner take his improvements without compensating him for the same?

In Blackwell on Tax Titles (§ 1022) it is said: "The Pennsylvania statute of April 3, 1804, declared: 'That no action for the recovery of land sold for taxes shall lie unless the same be brought within five years after the sale thereof for taxes, as aforesaid; provided, always, that where the owner or owners of such lands, sold as aforesaid, shall, at the time of such sale, be a minor or minors, or insane, and residing within the United States, five years after such disability is removed shall be allowed such person, or persons, their heirs or legal representatives, to bring their suit or action for recovery of the lands so sold; but where the recovery is effected in such case, the value of the improvements made on the land so sold, after the sale thereof, shall be ascertained by the jury trying the action for recovery, and paid by the person or persons recovering the same, before he, she, or they shall obtain possession of the land so recovered.' "

In *Gilmore* v. *Thompson,* 3 Watts, 106, the court held that a sale of land which was subject to assessment for taxation, for taxes which had been previously paid by the owner, was void, but the purchaser was entitled to compensation, under the act of 1804, for the improvements he had made upon it in good faith. Chief Justice Gibson, in delivering the opinion of the court, said: "The provision for compensation under the act of 1804 was restrained to no particular case within the limitation of five years. On the contrary, it was extended to every recovery for irregularity in the assessment, process, or sale. The same provision was repeated in the act of 1815, when the legislature narrowed the ground of recovery to cases where the tax had been paid previously to the sale, or subsequently by redemption. Why, then, should not the provision for compensation be as broad under either act as the right of recovery, which is put by the latter on the same footing, whether it rests on previous or subsequent payment of the taxes? It was introduced to protect all *bona fide* purchasers, without distinction, who should expend their money or their labor in confidence of the title.     *  *  *     Nothing can be fairer in the abstract than the principle of compensation; and, though it may be abused in its application, it is the business of those who preside over the deliberations of

juries to look to that,—certainly not to restrain the obvious design of the legislature for fear of such abuse. In the case before us, the facts of double assessment and payment were unknown to the defendant; and, as they were such as he might fairly contest, compensation was justly allowed him for all expenditures previous to the trial." See *Coney* v. *Owen*, 6 Watts, 435; *McKee* v. *Lamberton*, 2 W. & S. 107; *Cranmer* v. *Hall*, 4 W. & S. 36; *Rogers* v. *Johnson*, 67 Pa. St. 43, 47.

Judge Cooley, in his work on taxation, in speaking of the statutory requirements as to the payment of taxes, penalties and costs by the owner, before he can bring an action for the recovery of his land sold for the same against the purchaser, says: "The legislature can have no more authority to compel the landowner to pay a lawless exaction to a third person than it has to compel a like payment to the state directly. The one as much as the other would be robbery. If the landowner performs all his duty to the state, nothing which the tax officers can do without his consent, and in the direction of depriving him of his freehold, can raise against him an equity requiring him to do more. The rule *caveat emptor* applies to the purchaser. He takes all the risks of his purchase, and, if he finds in any case that he has secured neither the title he bid for nor any equitable claim against the owner, the state may, if it see fit, make reparation itself; but it has no more authority to compel the owner of the land to do so than to exercise the like compulsion against any other person."

After this, in speaking further of the restrictions that can be imposed upon the owner's right to recover his land which has been sold for taxes, he says: "The requirement that payment shall be made of the fair value of betterment which an adverse claimant has made in good faith upon the land, and which the party making them must now lose, is one that, under ordinary circumstances, is eminently just and proper. No serious question of the right of the legislature to make such requirements can well arise, and, if it could, it must now be considered as conclusively settled by the decisions in its favor. The requirement is at this time generally made." Cooley, Taxation (2 Ed.), pp. 553, 554.

The requirement of sections 2595 and 2597 of Sand. &

H. Dig., which make it the duty of the owner to pay for improvements, is based upon the equity and justice of the claim of the party, who has made them in good faith, to compensation for the same, and not upon the legality or nonpayment of taxes. The legislature evidently intended to encourage the purchase of lands sold for taxes, and to protect those making improvements on lands so purchased in good faith, by securing to them compensation for the same, in the event they should for any reason fail to hold the land. Color of title is not made a condition to this right by sections 2595 and 2597.

Our answer to the second interrogatory propounded in the beginning of this opinion is that he is, provided he has made the improvements in good faith, and the owner is entitled to rents and profits.

The judgment of the circuit court is reversed, in so far as it is inconsistent with this opinion. In other respects it is affirmed, and the cause is remanded for further proceedings.