LITTLE
ROCK,
Jan'y 1839

LEDBETTER
vs.
FITZGER-
ALD.

BENJAMIN M. LEDBETTER *against* JESSE FITZGERALD.

APPEAL *from Pulaski Circuit Court.*

Actual seizin is not necessary in this country, to maintain trespass or eject-ment.

If a man enter into lands, having title, his seizin is not bounded by his occu-pancy, but is to be considered co-extensive with his title or grant. If he enter without title, his seizin is confined to his possession by metes and bounds.

A party who has title to lands may maintain trespass, although not in actual possession, against another not in actual possession of the premises. Either actual or constructive possession is sufficient to maintain trespass.

In trespass, it is not necessary to prove the boundaries and locality of the premises on which the trespass was committed, by a survey of the county surveyor or his deputy. The Territorial law, which provides that no other survey shall be evidence, applies only to suits where the *title* to land is in dispute.

The identity of the close, and the possession, are capable of being established by any person who knows the lines and corners, or who can prove the plain-tiff's possession.

This was an action of trespass *g. c. f.* The plaintiff below, (*Led-better,*) produced on the trial two witenesses to prove the identity of the premises mentioned in the declaration, and his possession thereof. Walker testified, that *Ledbetter* there lived, and had for a year or two continuously lived on the premises mentioned; that the places describ-ed by other witnesses, where the timber was cut, were on the same quarter section; that he knew it to be the same quarter section, from the marks and numbers made by the surveyors at the corners, to desig-nate the numbers of the section, &c., and from plats furnished him from the office of the Surveyor General, which agreed with the num-bers and marks found on the trees at the corners; that he had been much in the habit of tracing lines and examining corners of the pub-lic surveys in the vicinity of said tract; that he used a pocket compass; and was satisfied in his own mind, that the section upon which said *Ledbetter* lived, was the same described in the declaration.

Graham stated that he was a regular surveyor, and followed survey-ing as an occupation; and that about three months before the trial, he was called upon by said *Ledbetter* to lay off a race track, which he did, and that at that time *Ledbetter* was residing on the quarter sec-tion described in the declaration, on which quarter section the said

race track was laid off; that he surveyed the northern and eastern boundary lines of said quarter section, at the same time, on the request of said *Ledbetter.* He further stated that he was not the county surveyor of the county of Pulaski or his deputy, nor did he make the survey under the authority of the United States, nor by mutual consent of the parties to the suit.

LITTLE ROCK.

Jan'y 1839

LEDBETTER
vs.
FITZGER-
ALD.

On motion of the defendant below, all this evidence was excluded; and the plaintiff offering no further proof of identity or possession, the case went to the jury, who found for the defendant, and the plaintiff appealed to this court.

FOWLER, for the appellant:

It is contended by the plaintiff that the evidence offered by him was strictly legal, and ought to have been admitted; and on its exclusion, there being no other evidence given, to establish his possession of the land, the jury, under the instructions of the court and from the evidence before them, were bound to find against him. Had this evidence been admitted, a recovery in his favor would have been certain. The only color or pretence to sustain its decision, by the court below, was a Statute of 1813, found in *Pope, Steele & McCamp. Dig. p.* 540, *sec.* 8, which only applies to cases where the *title to land is in dispute before the Court*; and could possibly have no application to this case. In this case, *no title was in dispute; Fitzgerald* had pleaded no plea of *liberum tenementum,* or other plea of justification; he had rested his case upon the single plea of *not guilty;* and upon that could not question the plaintiff's *title.* Proof of bare *possession* was sufficient to authorize *Ledbetter* to recover: his title had been admitted by the plea. And it is only in cases of *title contested,* that the Statute could be interposed. The common law, in all other cases, standing unchanged; consequently *any evidence* showing *Ledbetter's possession* satisfactorily to the jury, and the commission of the trespass, would entitle him to a verdict. All Statutes in derogation of the common law must be strictly construed; this Statute is in dergation thereof, limiting and restricting the known rules of evidence, in force " time out of mind;" and therefore it cannot be construed by any rules of construction recognized by the laws, to any character of case or question whatever, except where *title is in dispute.*

CUMMINS & PIKE, *contra:*

The appellee contends that the evidence of Walker and Graham

LITTLE ROCK, Jan'y 1839

LEDBETTER vs FITZGER. ALD,

was properly excluded. The Statute of Missouri, of 1813, in force in this State, provides that "the county surveyor shall perform all orders directed to him by any court of record for surveying or resurveying any tract of land, the title of which is in dispute or litigation before said court, &c."—and that he shall "keep a record of all surveys made by him, and furnish a copy of any survey when required." *Dig. p.* 539. It is further provided, that "no survey or resurvey, hereafter made by any person except the county surveyor or his deputy, shall be considered as legal evidence in any court of law or equity within this Territory, except such surveys as are made by authority of the United States, or by mutual consent of parties."

Walker made no survey, but his testimony is derived altogether from information furnished him by others. And had Graham surveyed the whole quarter section, and produced in court a plan of such survey, under the law it would not have been legal evidence. How much less the evidence which he did give?

In the case of *Blake et al* vs. *Doherty et al*, 4 *Cond. Rep.* 632, the Supreme Court of the United States decided, that a demarkation or private survey, made by directions of a party interested under a grant, is not admissible as evidence.

Lines can only be proved by record, and not by parol evidence of any kind, further than to ascertain that the marks on the land correspond with the calls contained in the record. *Cherry & Steele* vs. *Boyd, Lit. Sel. Cas.*

A surveyor's report of the complainant's claim, as laid down according to his directions, without a copy of his patent, or original survey, is no evidence of his boundary. 1 *Lit.* 76, *Rice's devisees* vs. *Welch.*

DICKINSON, *Judge*, delivered the opinion of the Court:

This is an action of trespass *quare clausum fregit.* The declaration is in the usual form, and contains but one count. On the return of the writ the defendant appeared, and plead NOT GUILTY, on which there was an issue taken, and judgment rendered for the defendant, from which the plaintiff appealed to this court. During the trial of the cause the plaintiff, in support of his action, introduced John H. Walker and John E. Graham, two witnesses, to testify as to the possession of the premises described in the declaration, whose testimony was objected to by the defendant upon the ground that none but the county surveyor, or the surveyor who originally run off and

marked the tract, was competent to prove the identity of the land upon which the trespasses were alleged to have been committed. The court, on motion of the defendant, excluded the testimony, and would not permit it to go to the jury, to which the plaintiff excepted, and filed his bill of exceptions, spreading his proof upon the record. One of the witnesses stated he never surveyed the said tract of land, or assisted in its survey; but that he knew it from the lines and corners, to be the same tract or parcel of land upon which the plaintiff lived, and upon which the trespasses were alleged to have been committed; and that the places described by the other witnesses, where the timber was cut by the defendant, are upon the same quarter section, and that he knew it was the same from the marks and numbers made by the surveyors at the corners to designate the numbers of the section; and also from the plats furnished him from the office of the surveyor-general, which agreed with the numbers and marks found on the trees: that he had been much in the habit of tracing lines and examing corners in the vicinity of said land, and that he used a pocket compass, and was satisfied that the quarter section upon which the plaintiff lived was the same as described in the declaration. The other witness testified that he was a regular surveyor, and that about three months ago he was called on by the plaintiff to lay off a race track, which he did, which is upon the same quarter section above described, and upon which the plaintiff was residing. The witness further stated that he surveyed the northern and eastern boundary lines of the same land at the request of the plaintiff: he further stated that he was not the county surveyor of the said county of Pulaski nor his deputy, nor did he make the survey under the authority of the United States, or by the mutual consent of the parties of this suit. This was all the evidence offered in the cause, showing that the plaintiff resided upon the land, upon which the trespasses were alleged to have been committed. In order to entitle the plaintiff to a verdict in an action of trespass, possession is essential to be proved; possession alone is sufficient against a wrong doer without regard to the title. *Chambers* vs. *Donaldson*, 11 *East.* 63; and 5 *Bing.* 9. And again—a person who has a right to enter and take possession, may maintain trespass against one who being wrongfully in possession at the time of the entry continues in such possession. See *Butcher* vs. *Butcher*, 7 B. & C. 390; *Starkie*, 803.

Every unwarrantable entry on another's soil, the law entitles a trespass by breaking his close; for the words of the writ of trespass, com-

manding the defendant to show cause, are *quare clansum querentis fregit.* Every man's land is in the eye of the law inclosed, and set apart from his neighbor's, either by a material or an invisible boundary; and every such entry, or breach of another's close, carries with it some damages. It is evident from these authorities that the plaintiff must have proved possession in the land upon which the trespasses were committed before he was entitled to his action.

This is the ancient doctrine of the common law, and it was founded upon the union of title of seizin in the deed, either by actual entry and delivery of seizin, or by intendment of law, as by conveyances under the Statute of uses; but the principle here established is unapplicable to the condition and situation of our country, as has been repeatedly ruled by the Supreme Court of the United States, and most of the Supreme Courts of the Union. So far as regards trespass, ejectment, or the like actions, actual entry or possession in many cases is declared to be wholly impracticable and impossible, especially as regards the possession of the grantee of wild and uncultivated land; and the entry in such cases, if it were practicable, could answer no beneficial purpose. It would create no notoriety: it could be evidence of vicinage of a change of property. An entry therefore would be a vain and useless, and in many instances a perilous act, and the law does not require a party to do a vain and impossible thing. It is held in *Green* vs. *Liter,* 102, *Peters' Cond. R. vol.* 3, that if a man enter into lands having title, his seizin is not bounded by his occupancy, but is to be held to be co-extensive with his title or grant.

If a man enter without title his seizin is confined to his possession by metes and bounds. A party having title to land, although not in actual possession thereof, may maintain trespass against another not in actual possession of the premises. *Van Rensalear* vs. *Radcliff,* 10 *Wendell,* 639. Trespass may be supported by the owner of wild lands, although he is not in actual possession. *Kenedy* vs. *Wheatley,* 2 *Haywood,* 402. These authorities abundantly prove that a party need not be in actual possession to maintain trespass—a construction possession is sufficient for that purpose; and therefore a party having either actual or constructive possession in the premises, may maintain trespass; for the cause of action or injury is founded upon the wrong or force committed upon the land without regard to the title.

The only question submitted for our decision is, whether the court properly excluded the testimony that was offered by the plaintiff to

prove his possession. The witnesses both testify that he was in actual possession of the premises. One of them knows the fact from an examination of the lines and corners of the public survey; and the other run off the land, and is a surveyor by occupation.

LEDBETTER
vs.
FITZGER-
ALD.

It is difficult to perceive upon what ground the court excluded the evidence, for it unquestionably proves the possession of the plaintiff, and was all the evidence offered as to that fact. It is contended for the appellee, that the testimony was properly excluded upon the ground that neither of the witnesses were shown to be either the county surveyor or the deputy of such surveyor, or that they had run off the land under the authority of the United States, or that the survey was made by the mutual consent of the parties. To support this position, the 4th section of an Act, in relation to the duties of county surveyor, approved December, 1813—*Arkansas Digest*, 639—is referred to, which declares, that it shall be the duty of the said county surveyor to execute and perform all orders to him directed by any court of record, for resurveying any tract of land, the *title* of which is in dispute or litigation before said court: also all orders of survey for the partition of real estate. By the 8th section of the same act, it is declared no survey or resurvey, hereafter made by any person except the county surveyor or his deputy, shall be considered as legal evidence in any court of law or equity within this territory, (State) except such surveys are made by the United States, or by the mutual consent of the parties." It is admitted that these are all the provisions of the Statute bearing upon the title.

To what do they relate? and what was the object of the Legislature in enacting them? It is simply defining and regulating the duties of the county surveyor, and enjoining it upon him to execute and perform all orders to him directed by any court of record, for surveying or resurveying any tract of land, the title of which was in dispute or litigation before such court; and when he has thus executed the order, it is declared to be legal evidence in law or equity: but both of these provisions clearly and expressly relate to that class of cases where the title is in dispute or in litigation, and have no reference to cases where the injury complained of is done to the possession, the title of which, as in this instance, is in no way involved in the pleadings. In trespass the party is entitled to maintain his action if he holds possession, and it is for the injury done to that possession, that he seeks redress.

LITTLE
ROCK,
Jan'y 1839

LEDBETTER
vs.
FITZGER-
ALD.

If the position contended for by the defendant be correct, then no one could maintain an action of trespass, unless there was an order expressly made by the court to have the land surveyed; and upon the return of that survey the possession alone could be proved—a doctrine which we are by no means prepared to admit; for the identity of the close and the possession is capable of being established by any person who knows the lines and corners, or who can prove the plaintiff's possession.

These facts were clearly proved upon the trial, and to have excluded such testimony from the jury was depriving the plaintiff of all right to recover, although injury was clearly established; and consequently the decision of the court, in excluding the testimony offered by the plaintiff, was evidently erroneous.

The judgment of the Circuit Court of Pulaski county must therefore be reversed, and set aside with costs; and this case remanded for further proceedings to be had according to law, and not inconsistent with this opinion.