BRADBURY v. DUMOND.

Opinion delivered July 23, 1906.

1. STATUTE OF LIMITATIONS—COLOR OF TITLE.—While color of title is not necessary to give title by adverse possession, it is necessary to extend the title so acquired beyond the limits of the actual possession. (Page 84.)

2. COLOR OF TITLE—VOID TAX DEED.—A deed based on a void tax sale, on its face describing the land and purporting to convey it, is color of title within the two years,' as well as the seven years,' statute of limitations. (Page 85.)

3. PLEADING—ISSUES—PROOF.—Where plaintiffs sought to foreclose a vendor's lien, and defendant answered, setting up failure of title and praying a rescission of the contract, thus forming the issue whether or not plaintiffs had title when they conveyed to him, plaintiffs were entitled to rely upon any title which they possessed, including a title of limitations. (Page 85.)

Appeal from Arkansas Chancery Court; *John M. Elliott,* Chancellor; reversed.

*H. A. Parker* and *W. M. Carpenter,* for appellant.

1. The possession of appellants and their ancestor for more than seven years perfected their title, even if the deed was void on its face, the lands claimed being therein aptly described. 60 Ark. 499; 40 Ark. 237; 20 Ark. 508; *Ib.* 542; 34 Ark. 547; 38 Ark. 181; 48 Ark. 312; 91 S. W. 22; 91 S. W. 178. See, also, 34 Ark. 534; *Ib.* 598.

2. The possession of appellee himself for four years under the purchase was more than sufficient to give title as against all persons save those under disabilities.

3. In an action to set aside a contract of this nature, especially where the party is in possession of the property, the proof must be positive, convincing, clear and abiding. 71 Ark. 614. If appellee had opportunity equal to that of appellants to ascertain the facts, there could be no fraud. Where means of information are alike accessible to both parties, so that with ordinary prudence or diligence the parties might rely upon their own judgment, they must be presumed to have done so. 46 Ark. 337; 11 Ark. 58. See, also, 27 Ark. 244.

4. A judgment in favor of a third party against the vendee will not bind a vendor who was not made a party to the suit. 70 Ill. 370.

*John F. Park,* for appellee.

1. The so-called redemption deed was nothing more than a redemption of the land for the benefit of the original owner, and the only right acquired by any one holding under it is the right of subrogation to the lien of the State for the amount of taxes, penalty and costs paid out by him. 42 Ark. 77; 46 Ark. 333; 50 Ark. 490; 66 Ark. 433; 55 Ark. 37.

2. The so-called redemption deed conveyed no color of title. 69 Ala. 296; 9 Ga. 443; 47 Ark. 531; 67 Ark. 148; 17 S. W. 79; 132 U. S. 239; 118 U. S. 425; 39 Ark. 580; 21 C. C. A. 389; 43 Ark. 180; 115 U. S. 392.

3. Under this deed the statute of limitation of two years does not apply, and the seven years statute, not having been pleaded, can not be invoked.

4. On the question of fraud, the testimony is undisputed that appellants' agent represented that they held a tax title to the land, and that they had had more than two years' possession under it, and that, relying on these statements, appellee purchased. But the chancellor's finding was that there was a mutual mistake. His decree rescinding the contract should be sustained. 71 Ark. 614; 50 Ark. 179.

HILL, C. J. Appellants sold appellee two tracts of adjacent land, one called a forty and the other an eighty, gave him bond for title, and he executed notes for purchase price.

This was a suit on the notes and for enforcement of vendor's lien. Appellee answered, setting up a misrepresentation and failure of title as to the eighty, and praying rescission as to it. The chancellor gave judgment against him for balance of purchase money due on the forty, and rescinded the contract as to the eighty, and the vendors bring the case here.

The extent of the fraudulent or false representation was that the appellants' father had a tax title and owned the land; the bond for title stipulated that they were to convey the forty-acre tract "by a good and sufficient deed, * * * conveying a good and clear title to the same free from incumbrances," but as to the eighty-acre tract it was "to be conveyed by quitclaim deed," without any of the assurances of title given as to the forty-acre tract. The father of appellants acquired a clerk's deed to the land under the act of March 14, 1879, for the redemption of delinquent

lands, which was duly executed on 20th of May, 1882. Under
the terms of the act, if the owner of the delinquent land failed to
redeem within a year, then during the next year any one who
would pay the tax, penalty and costs required to redeem should
receive from the clerk "a proper deed of conveyance." Bradbury
received such deed, aptly describing the land redeemed and pur-
porting, for the consideration received, to "grant, bargain and
sell it" unto him and his heirs and assigns, with all appurtenances
thereto belonging. Under it Bradbury went into possession in
the winter of 1886, and commenced clearing and cultivating, and
he and his heirs continued in unbroken possession until December,
1894, when his heirs, Bradbury having died, sold the land to ap-
pellee. Appellee was in possession as tenant during the year
1894. During 1893 the land lay out and was not cultivated, the
fences became broken and dilapidated, but appellee rented it not-
withstanding it was in sorry condition, went on to it and cul-
tivated it in 1894. Each tract was fenced, there being a line
fence between the tracts, houses on both, and considerable part
of each in cultivation every year except 1893. The continuity of
the possession was not broken by a failure to have tenants for a
year. The property was not abandoned. It only fell into a sorry
state of repair; which was necessarily incident to its tenantless
condition. The cleared fields, the houses, the fences, even if
broken down at places, kept the flag of possession flying. It had
not gone so far into decay but that appellee moved on it the first
of the succeeding year and paid rent for the privilege of being
on it and cultivating it. The evidence fails to show such aban-
donment as would break the continuity of possession.

The act under which Bradbury received his deed was de-
clared unconstitutional in *Bagley* v. *Castile,* 42 Ark. 77. After
holding the act in contravention of the Constitution, the court
further held that purchasers, like Bradbury, under the act, and
their vendees, had a lien on the land for the burden of taxes dis-
charged, both in the purchase and for subsequent taxes paid.

The question is squarely presented as to the effect of seven
years possession of part of a tract under such a deed. Color of
title is not necessary to give title by adverse possession, but it is
neccessary to extend the title acquired beyond the limits of the
actual possession. Actual possession of part of a tract, with

color of title for the whole tract, carries the possession to the limits of the land described in the deed giving color. This is the general rule, and the court in this case is not concerned with any of its exceptions. 1 Cyc. p. 1084.

There is a conflict of authority as to whether a deed, void on its face, will give color of title. See the authorities on each side of that question cited in 1 Cyc. p. 1087 and notes. This court has adopted the view that a deed based on a void tax sale, on its face describing the land and purporting to convey it, is color of title within the statute of limitations. See the cases recently reviewed on that subject. *Ross* v. *Royal,* 77 Ark. 324.

It is contended that the deed in question is not one of the kind protected by the two-years' statute of limitation. Kirby's Digest, § 5061. The court recently in *Dickinson* v. *Hardie,* 79 Ark. 364, applied the two-years' statute to a void tax sale; and if this deed falls within those described in said statute, that case and *Ross* v. *Royal, supra,* are conclusive. But, concede that the deed does not fall within that statute, and it does not help appellee. The evidence sustains seven years' possession under color of title, and of course that statute would apply.

Appellee says that the seven years' statute can not be invoked because not pleaded, but that position is not tenable. The suit was on the notes and to foreclose a vendor's lien. Appellee answered to it, setting up failure of title, and praying rescission of contract, thus forming the issue whether or not appellants had title when they conveyed to him. They did have title. The seven years' possession under the deed, giving color to the eighty-acre tract, ripened and perfected their title thereto. Appellee permitted a judgment by default to be rendered against him for the possession of the land by one Allen; but that is his misfortune, and can not affect the rights of appellants, who were not parties to that suit.

Decree reversed and cause remanded, with directions to give judgment against appellee on the notes and for foreclosure of vendor's lien.