Branscum *v.* Drewery.

5-2279 341 S. W. 2d 6

Opinion delivered December 19, 1960.

*N. J. Henley,* for appellant.

*Virgil D. Willis,* for appellee.

Paul Ward, Associate Justice. The trial court held that appellees had acquired title to the south one-half of an abandoned railroad right-of-way by adverse possession. Appellants, who claimed ownership of said land by record title, now prosecute this appeal for a reversal on the grounds that (a) appellees had no color of title because the deed relied on contained an indefinite description and (b) there is no substantial evidence of adverse possession.

The railroad right-of-way involved in this litigation runs in a northeasterly direction across the northwest corner of the Southeast Quarter of the Southeast Quarter of Section 26, Township 15 North, Range 16 West, in Searcy County. That part of the right-of-way here involved is 100 feet wide and approximately 800 feet long. The centerline intersects the north line of the above described forty acres near the middle and it intersects the west line of said forty acres 240 feet south of the northwest corner of said forty acres, leaving about 7 acres north of the right-of-way and abutting thereon.

The entire forty acres was owned by one N. J. McBride in 1903, when he conveyed the right-of-way to the St. Louis and North Arkansas Railroad. McBride later sold the land to Lonzo Tilley, and in 1916 Tilley sold to James A. Sutterfield 13 acres lying south of the right-of-way and abutting thereon. The heirs of Sutterfield, on March 28, 1959, deeded to Mr. and Mrs. Branscum (appellants herein) a portion of this land lying south of the right-of-way and abutting thereon.

In 1928 Highway No. 65 was built along the south line of the right-of-way. The right-of-way was abandoned by the railroad company in 1946.

Appellees acquired title to the aforementioned 7 acres of land north of the right-of-way either in 1951 or sometime prior thereto, and on October 16, 1951, they procured a Quit Claim Deed from the Trustees of the railroad company purporting to convey the said railroad right-of-way. The description in this deed reads as follows:

"That part of the right-of-way of the old Missouri and Arkansas Railway commencing at the west line of the Southeast quarter of the Southeast Quarter of Section 26, Township 15 North, Range 16 West, and extending in an easterly direction approximately 806 feet, or from Engineering Station 9039/75 to Station 9047/81 at private road crossing, as more fully indicated by Railroad Map V2A-Ark. No. 26 on file with the Railway Company at Harrison, Arkansas, same being a strip 100 feet in width of the length of 806 feet as indicated above, containing 1.8 acres, more or less."

This is the deed that appellants attack as containing an indefinite description.

In June, 1959, appellants filed a suit in ejectment against appellees in the Circuit Court, claiming to be the owners of the south one-half of said right-of-way; setting forth their chain of title; alleging that appellees had, without authority, entered upon the land and erected a fence thereon; and asking the court to declare them

to be the true owners. Appellees claim that they were entitled to the land by reason of 7 years adverse possession under color of title.

After hearing the testimony the court, sitting as a jury by agreement, found that appellees had acquired title to said strip of land by reason of adverse possession, and rendered judgment accordingly.

It is our conclusion that the judgment of the Circuit Court must be sustained on the ground that appellees had adverse possession of the portion of the land in question for more than 7 years under color of title.

(a) *DESCRIPTION IN THE DEED.* While the description in the deed from the Trustees to appellees does not definitely describe, by metes and bounds, the strip of land in question, we think it furnishes a sufficient "key" to make the description definite. Being a conveyance of a right-of-way in a definite forty acres of land it could not possibly refer to any other lands. The acreage is accurately described—being 1.8 acres. The width and length of the parcel of land is definitely stated. In addition to all of these, the deed itself makes reference to a map and tells where the map can be found. We think all these facts constitute a sufficient key to make the description definite under the decisions of this court. See: *Tolle* v. *Curley,* 159 Ark. 175, 251 S. W. 377; *Turrentine* v. *Thompson,* 193 Ark. 253, 99 S. W. 2d 585; *Ketchum* v. *Cook,* 220 Ark. 320, 247 S. W. 2d 1002, and *Benny Rinke, gdn., et al* v. *Mark Weedman,* 232 Ark. 900, 341 S. W. 2d 44.

(b) *ADVERSE POSSESSION.* Having concluded that appellees' deed from the Trustees constitutes color of title, it is necessary only that appellees show they had possession of a portion of the said strip for 7 years in order to acquire title to all of it. This court has uniformly and frequently held that adverse possession of a part of a parcel of land extends to all of the land claimed under color of title. See: *Benjamin M. Ledbetter* v. *Jesse Fitzgerald,* 1 Ark. 448; *Bradbury* v. *Dumond,* 80 Ark. 82, 96 S. W. 390; *Flannigan* v. *Beavers,*

172 Ark. 28, 287 S. W. 755 and *Lollar* v. *Appleby,* 213 Ark. 424, 210 S. W. 2d 900.

The record reflects that appellees cleared the strip of land in question more than once; that in 1951 they built a road from Highway No. 65 across the parcel of land to their home near by, and; that they had sawdust placed on the disputed parcel of land. It is not disputed that appellees built the road across the parcel of land in 1951 or that it has been in use ever since. Also, although the record is not clear on the point, there is evidence indicating appellees had built and maintained a fence on the land. In the *Lollar* case, *supra,* there appears this statement: ". . ., it has been well said that if the claimant 'raises his flag and keeps it up' continuously for the statutory period of time, knowledge of his hostile claim of title may be inferred as a matter of fact."

It is our conclusion therefore that there is sufficient evidence to support the judgment of the trial judge, whose findings have the same force and effect as the findings of a jury in this case.

Affirmed.