900

Willis FULLER et ux *v*. William H. NORWOOD

CA 79-149                                    592 S.W. 2d 452

Opinion delivered December 12, 1979
Released for publication January 16, 1980

*O. W. "Pete" Wiggins*, for appellant.

*Henry J. Osterloh* and *John Lloyd Johnson, Jr.*, for appellee.

JAMES H. PILKINTON, Judge. This is essentially a suit for specific performance of an alleged contract. It is undisputed that Willis Fuller and wife listed their property for sale with J. M. Collins and Company. The realtor found a buyer for the property and William H. Norwood made a conditional offer for the Fuller property which was accepted. The purchaser was unable, however, to obtain a loan as required. The original offer and acceptance was then replaced by a counter offer made by the Fullers to Norwood on April 12, 1979.

The trial court found that the counter offer was accepted by the purchaser on April 13, 1977. Plaintiff Norwood fulfilled or offered to fulfill all conditions of the counter offer and has been ready, willing and able to close the transaction since April 1977. The court specifically found that defendants Willis Fuller and wife had failed to perform their part of

the contract without justification and, under the circumstances, Norwood was entitled to specific performance of the contract. The trial court also found Norwood was entitled to damages of $50.00 per month for loss of rents since June 10, 1977. A decree was entered on these findings and appellants Fullers then lodged this appeal in the Supreme Court of Arkansas. The case has been assigned by that court to the Arkansas Court of Appeals under Rule 29 (3).

## 1.

Appellant first contends the trial court erred in ordering specific performance. It is argued that this question was not raised below. We find no merit in this argument. At the conclusion of all the evidence, the following occurred:

MR. PURTLE: Your Honor, we make a motion the pleadings be conformed to the truth.

THE COURT: You are asking for specific performance?

MR. PURTLE: Yes.

THE COURT: That will be granted. . . .

The issue was certainly raised and passed on below.

## 2.

It is next claimed the court erred in finding the appellants had signed the counter offer. The Chancellor made a specific finding on this question, and we quote his exact words:

Just glancing at them (the signatures) it is rather obvious that they are the signatures that all three of them — or that all three documents bear the signatures of Mr. and Mrs. Fuller. But there is proof — there is overwhelming proof here, beyond a preponderance of the evidence, that the Fullers did sign all of these documents; that is, the listing, the Offer and Acceptance, and the counter offer. And for whatever reason, at a later date, they

obviously changed their minds and wished to get out of this contract. Consequently, plaintiffs' complaint for specific performance will be granted. The parties will go forward immediately with the closing of this transaction and I am going to allow damages of fifty dollars per month as the reasonable rental value of this property from the 10th day of June 1977 up until the time that this transaction is closed forthwith. . . .

For the record, there is one other thing; there has been an allegation of forgery made in this; the pleadings in this case, and also on the witness stand. Obviously, somebody is not truthful under oath, and for whatever it is worth, I think it is something that perhaps should be turned over to the prosecuting attorney's office, because somebody is guilty of perjury in this case.

The learned Chancellor was correct. The evidence is more than sufficient to support the finding that Mr. and Mrs. Fuller both signed the counter offer. The Chancellor was also justified in his observation that perjury cannot be tolerated. Judges and lawyers of experience recognize that in most cases application of the law is not difficult *provided* the court can first determine what the *true facts* are in the case before them. Behind most miscarriages of justice, when such an unfortunate result does ensue, there are usually one or more lying witnesses who have prostituted the search for truth in that particular case. Fortunately for all concerned, including the public, most judges — like the Chancellor who tried the case now before us — can spot such untrue testimony when it pops up. Perhaps the bench and bar have been too lax, however, in condeming perjury; and in seeing that it is punished.

Appellants alleged forgery of their names on the counter offer as a defense. Therefore, they carried the burden of proof on this point. We are compelled to conclude, as the Chancellor did, that appellants did not sustain the burden of proving this allegation by a preponderance of the evidence. *Kennedy* v. *Couillard*, 237 Ark. 353, 372 S.W. 2d 825 (1963).

### 3.

Appellant argues several other points, all of which are simply variations of the two discussed above. Although we have considered each, we find no merit in any of them. What has been said in disposing of points one and two above applies to the other designated points listed in appellants' brief.

### 4.

In addition to the listed and designated points for reversal as contained in their briefs, appellants attempt to argue for the first time on appeal that the land description, contained in the counter offer, is too indefinite and uncertain to support specific performance. Appellants rely on *Turrentine* v. *Thompson*, 193 Ark. 253, 99 S.W. 2d 585 (1926), but completely disregard such other cases as *Branscum* v. *Drewery*, 232 Ark. 947 at 949, 341 S.W. 2d 6 (1960). Even if we were permitted to consider this after thorough argument, it contains no merit.

We hold the document of April 12, 1977, adequately described the property because it referred to the "Willis Fuller property Section 20, Township 2 South, Range 11 West". As the trial court was not faced with a question of the adequacy of the description, we would not reverse the decree unless we found the description to be one which could not furnish a "key" to location of the property. *Branscum* v. *Drewery, supra. Cf. James* v. *Medford*, 256 Ark. 1002, 512 S.W. 2d 545 (1974).

### 5.

We hear this case de novo; and it appears that one modification should be made in the trial court's decree. Appellants would be entitled to interest on the deferred balance of $8,000.00 from June 10, 1977, until closing at the rate of 9% per annum inasmuch as the Chancellor allowed monthly damages to appellee from June 10, 1977, the date the transaction should have been closed but was not closed. The difference between the interest due, and the accumulated

monthly damages, shall be taken into consideration and paid at closing at the same time the deed is delivered and the down payment made.

Except as noted above, the decree entered by the Pulaski County Chancery Court is fully supported by a preponderance of the evidence, and no error whatsoever being called to our attention, this case is affirmed as modified.

Affirmed.