## DICKINSON *v.* HARDIE.

Opinion delivered June 18, 1906.

LIMITATION—VOID TAX TITLE.—Continuous adverse possession for more than two years under a void tax title confers a valid title.

Appeal from Desha Chancery Court; *Marcus L. Hawkins,* Chancellor; reversed.

*J. W. Dickinson,* appellant, *pro se.*

The action is barred by the statute. Kirby's Digest, § 5061; 53 Ark. 418; 71 Ark. 117; 59 Ark. 460; 60 Ark. 499; *Ib.* 163; 67 Ark. 411; 71 Ark. 390; 30 Ark. 44; 32 Ark. 131.

*Baldy Vinson,* for appellee.

1. The question is, were the taxes charged against this land for the year 1887 paid before the sale on June 11, 1888? The tax book shows that they were paid June 9, 1888, and the number of the receipt record page, where the receipt is recorded, is 680. This is sufficient (the original tax receipts, and the tax receipt record being lost) to sustain the chancellor's finding that the taxes had been paid. 68 Ark. 134; *Ib.* 314; 73 Ark. 489. If the taxes were paid, no valid sale could be made. Kirby's Digest, § 7105.

2. The statute (Kirby's Digest, § 5061) does not apply, for the sale could not be for nonpayment of taxes, and the collector has no more authority than any other citizen to make the sale, unless there had been in fact a nonpayment. It is as if in fact there had been no sale, and in law there was none. 132 U. S. 339; 73 Ark. 221; 91 S. W. 85.

HILL, C. J. Passing other questions raised and discussed, and going to the core of the controversy, these facts are developed: Dickinson bought the land in suit at tax sale in 1888, and received clerk's deed therefor in 1890, and went into possession immediately, and held actual possession continuously until this suit was brought in 1896. After many delays the case finally came to trial as to this tract (other tracts in the suit had been previously disposed of) in September, 1904, in which it was found that the taxes were paid on the land two days before the sale, and a decree was entered for Hardie, who had succeeded to the title of the person who owned the land at time of the tax sale.

The action is barred by section 5061, Kirby's Digest. The appellee argues that this section can not apply because this could not be a sale for nonpayment of taxes; that the collector, no more than any other citizen of the State, has the right to sell lands unless in fact there has been a nonpayment. It is true that the collector has no such right; but still he did sell for an alleged nonpayment, and the purchaser went into possession

under deed based upon such sale, and continued in possession for more than two years before this suit was brought.

This is purely a statute of limitations, and runs against void sales, as well as voidable sales or regular sales. The statute is not in favor of those holding under valid deeds issued pursuant to valid tax forfeitures and valid sales, but is in favor of the possession for two years under deeds therein mentioned, one of which is the deed under which Dickinson held here.

A statute of repose is not needed in favor of purchasers at valid tax sales. The validity of the sale and precedent proceedings effectually carries the title, and renders unnecessary such statutes, and they are enacted for the benefit of those acquiring these State titles and quieting these questions after two years possession under them. This whole matter was gone into fully and conclusively in the recent case of *Ross* v. *Royal,* 77 Ark. 324.

The judgment is reversed, and cause remanded with directions to enter decree for Dickinson.