SIMS *v.* PETREE.

4-7293                            178 S. W. 2d 1016

Opinion delivered March 6, 1944.

*Oliver Moore,* for appellant.

*Bob Bailey* and *Bob Bailey, Jr.,* for appellee.

ROBINS, J.  This suit was begun in the lower court on July 30, 1942, by appellees, Ezra Petree and Guy Witt.  Appellants, William A. Sims and Mrs. William A. Sims, were made defendants, as were O. M. Martin and his wife.  In their complaint appellees set forth that they had executed as sureties for O. M. Martin and his wife a certain promissory note given for money borrowed by Martin and his wife from the payee of the note, Mrs. Desser Price; that to secure them Martin and his wife executed to appellees a mortgage on the northeast quarter of the northwest quarter of section eight, township eight, north, range twenty-one west, located in Pope county, Arkansas; that appellees had paid all of said note; that Martin had permitted the land mortgaged by him to appellees to sell to the state for the taxes of 1936; that appellant Sims purchased and obtained deed for said land from the state on March 15, 1940; that tender of the amount paid by appellant Sims to the state for said land had been made and refused; that the sale of said land for taxes was void for numerous reasons set forth in the complaint.  The note and mortgage sued on were executed on August 15, 1936, but the mortgage was not filed for record until August 3, 1942.  The prayer of the complaint was for cancellation of the deed from the state to Sims, for judgment for the amount paid out by appellees on the note, and for foreclosure of the mortgage.

To this complaint appellants filed a demurrer and plea of the two-year statute of limitations.  An amendment to the complaint was filed by appellees in which it was set up that at the time appellant Sims bought the land he was in possession thereof as a tenant of the defendant, O. M. Martin.

Appellants in their answer admitted the forfeiture of the land for taxes and purchase thereof by appellant, William A. Sims, but denied all other allegations of the complaint.

A reply to this answer was filed by appellees, in which they alleged that appellants occupied the land involved during the years 1938, 1939 and 1940 as tenants of O. M. Martin and that therefore appellants were estopped to purchase said land from the state.

No answer was filed by O. M. Martin or his wife, but it appears that Mrs. Martin, who, in the meantime had been divorced from O. M. Martin, executed a deed conveying all her interest in the land to appellees.

The lower court found that the sale of the land for taxes was void because the sale was had on a day not authorized by law, and that appellant, William A. Sims, acquired no title by reason of his purchase and deed from the state. Decree was rendered in favor of appellees against O. M. Martin for debt, and ordering foreclosure of the mortgage. From this decree William A. Sims and wife have appealed.

It is well settled that a tenant may become the purchaser of the rented premises at a tax sale, or may purchase same from the state. "A tenant is not bound, . . . to see that the taxes assessed upon the land are paid; and if the land be forfeited for nonpayment of taxes, . . . and the tenant become the purchaser, he may set up such title against his landlord." (Headnote) *Bettison* v. *Budd,* 17 Ark. 546, 65 Am. Dec. 442; *Ferguson* v. *Etter,* 21 Ark. 160, 76 Am. Dec. 361; *Pickett* v. *Ferguson,* 45 Ark. 177, 55 Am. Rep. 545; *Ray* v. *Stroud,* 204 Ark. 583, 163 S. W. 2d 173. A tenant may not, while in possession of land under a rental agreement, claim that his possession is adverse to the rights of his landlord. *Dickinson* v. *Arkansas City Improvement Co.,* 77 Ark. 570, 92 S. W. 21, 113 Am. St. Rep. 170. But this court has held that one who enters as tenant is not precluded from subsequently holding adversely to his landlord. *Gee* v. *Hatley,* 114 Ark. 376, 170 S. W. 72.

That the tax sale by which the state acquired title to the tract involved in this suit was void is not disputed by appellants, but they contend that, inasmuch as appellant Sims had been in adverse possession of the land for more than two years before the institution of this suit, appellees' action to enforce the mortgage against the land was barred by the provisions of § 8925 of Pope's Digest of the laws of Arkansas as follows: "No action for the recovery of any lands, . . . against any person . . . who may hold such lands by virtue of a purchase thereof at a sale by . . . Commissioner of State lands, . . . shall be maintained unless it appears that the plaintiff, . . . was seized or possessed . . . . within two years next before the commencement of such suit . . ."

This statute was held valid as a statute of limitations in the case of *Ross* v. *Royal,* 77 Ark. 324, 91 S. W. 178. In that case we said: "The statute under consideration is plainly a statute of limitation, and begins to run, not from the date of the sale, but from the date actual possession is taken under the deed. *Haggart* v. *Ranney,* 73 Ark., (344, 84 S. W. 703) *supra; McCann* v. *Smith,* 65 Ark. 305, 45 S. W. 1057. Actual possession of land taken and held continuously for the statutory period of two years under a clerk's tax deed or donation deed issued by the Commissioner of State Lands bars an action for recovery, whether the sale be merely irregular, or void on account of jurisdictional defects."

Other cases in which this rule is announced are: *Carpenter* v. *Smith,* 76 Ark. 447, 88 S. W. 976; *Bradbury* v. *Dumond,* 80 Ark. 82, 96 S. W. 390, 11 L. R. A., N. S. 772; *Jones* v. *Temple,* 126 Ark. 86, 189 S. W. 847; *Chavis* v. *Henry,* 205 Ark. 163, 168 S. W. 2d 610; *Terry* v. *Drainage District No. 6, Miller County, ante,* p. 940, 178 S. W. 2d 857, decided November 29, 1943.

Sims testified that he had rented the land for the year 1939 from Martin, but in the fall of that year he decided not to occupy it any further and notified Martin to that effect; that he did not rent the land for the year 1940; that on March 15, 1940, he purchased the land and

obtained deed therefor from the state and went into possession of it shortly thereafter; that he had been cultivating the land; that he cleared twenty acres, terraced six acres and set out five hundred fruit trees; and that he had been in possession thereof continuously up to the time when the suit was filed on July 30, 1942. Apparently there was no dwelling on the land and appellant's possession consisted in cultivation thereof. Cultivation of land may constitute adverse possession thereof. 2 C. J. S. 543. "Adverse possession may be shown in various ways. Among these may be mentioned . . . making use of the land by clearing and cultivating . . . the same." Thompson on Real Property, § 2643. Martin did not testify. There is no testimony definitely contradicting appellant's version of the matter, and it is conceded that appellant obtained his deed on March 15, 1940, and cultivated the land during the years 1940, 1941 and 1942. No one else cultivated the land or was in possession of any part of the land during any of these years. It therefore appears that appellant, William A. Sims, had held adverse possession of this land, under his deed from the state, for more than two years before the institution of this suit.

It is insisted by appellees that, this being an action to foreclose a mortgage on the land, rather than a suit to recover possession thereof, it was, under the rule laid down in the case of *Rural Realty Co.* v. *Buckner,* 203 Ark. 474, 158 S. W. 2d 17, and also in the case of *Wright* v. *Walker,* 30 Ark. 44, not barred by the two-year limitation provided by § 8925 of Popes Digest. Under these decisions, a distinction is made between a suit to foreclose a mortgage and a suit to recover possession, and the bar of the two-year statute of limitations defeats possessory action, but ordinarily does not bar an action to foreclose a mortgage.

It is not disputed that the mortgage sued on herein was not filed for record until after appellant had held possession under his deed from the state for more than two years, and appellant testified that before purchasing the land he made an investigation at the courthouse and ascertained that there was no mortgage thereon. Since

the holder of a mortgage on tax-forfeited lands has rights as to foreclosure that may not be defeated as soon as the rights of the original owner, inquiry as to the existence of a mortgage on the land is essential to a complete knowledge of the situation on the part of a prospective purchaser from the state.

Section 9435 of Popes Digest provides: "Every mortgage, whether for real or personal property, shall be a lien on the mortgaged property from the time the same is filed in the recorders office for record, and not before . . ."

When appellees filed their mortgage for record, appellant's possession under the deed for the two-year period had already caused appellant's title to become valid as against the original owner. Thus it appears that appellees, by recording their mortgage after the mortgagor had lost title, were attempting to obtain a lien that arose through one whose right to recover the land was barred.

We have often held that an unrecorded mortgage is no lien on the property as against a stranger, although he may have actual knowledge of its existence. *Main* v. *Alexander,* 9 Ark. 112, 47 Am. Dec. 732; *Dodd* v. *Parker,* 40 Ark. 536; and *Simpson* v. *First National Bank,* 173 Ark. 284, 292 S. W. 138. Appellant, had appellees promptly filed their mortgage for record, would have had notice of the mortgage, and would then have been in a position to decide, with full notice of appellees' rights, whether he was willing to risk his money, his time and his labor in obtaining title to land burdened with the lien of a mortgage, foreclosure of which might be enforced even after the right of the original owner to defeat the tax title by redemption or by possessory action had been barred. It thus appears that appellant's rights were gravely affected by the failure of appellees to exercise proper diligence in having their mortgage recorded.

Appellees sought relief in the chancery court. A maxim of equity is that equity aids only the vigilant, and that where one of two persons must suffer a loss, such a

loss should fall on him who by reasonable diligence or care could have protected himself. *National Savings Bank* v. *Creswell,* 100 U. S. 630, 25 L. Ed. 713.

We hold that under the facts in this case, about which there is no dispute, stronger equities are with appellant, and that, by their failure to record their mortgage until after appellant had held possession under his deed from the state for more than two years, they permitted appellant's title to become valid as against the lien of their mortgage.

The decree of the lower court, in so far as it orders foreclosure of the mortgage, is accordingly reversed, and this cause is remanded with directions to dismiss the complaint, in so far as it seeks foreclosure of the mortgage, for want of equity.