BAUM *v.* YARBERRY.

4-8352                                    206 S. W. 2d 190

Opinion delivered December 8, 1947.

*Joe Schneider* and *Glenn F. Walther,* for appellant.

*Malcolm W. Gannaway* and *Robert M. Gannaway,* for appellee.

ROBINS, J. This appeal involves validity of two deeds executed by the State Land Commissioner—one dated

August 28, 1939, conveying forty acres to appellee, J. A. Yarberry, and the other of the same date conveying forty acres to A. F. Yarberry. These lands, situated in Pulaski county, had been forfeited and sold to the State for non-payment of taxes of 1935.

Appellants assert title by inheritance from their deceased mother, who was the owner when these lands were sold to the State.

It is conceded that the delinquent tax sale held in Pulaski county in 1936 was void, having been so adjudged by us in the case of *Schuman* v. *Metropolitan Trust Company*, 199 Ark. 283, 134 S. W. 2d 579.

But the contention of appellees, upheld by the lower court is that, since they entered into possession immediately upon receiving their respective deeds from the Land Commissioner in 1939 and thereafter for more than two years remained in possession thereof, they have acquired good title under the provisions of § 8925, Pope's Digest.

The State of Arkansas on January 21, 1939, instituted suit in the chancery court to confirm its title to the lands involved herein as well as to other lands forfeited and sold to the State for taxes. On April 22, 1940, appellants and other heirs of Henrietta Baum who died on January 9, 1940, filed an intervention in the State's confirmation suit, and, having discovered that appellees, J. A. Yarberry and A. F. Yarberry, were in possession of the land, they amended their intervention on December 10, 1941, and made the Yarberrys parties defendant.

While the controversy between appellants and the Yarberrys was pending in the chancery court, appellants, on February 22, 1946, instituted an ejectment suit against said appellees and against the appellees Stonecipher and Spann, who had purchased certain portions from the Yarberrys, asking judgment for these lands and for an ascertainment of the amount due for improvements placed on the land by appellees. This suit was transferred to the

chancery court and consolidated with the confirmation suit.

The chancery court on November 10, 1942, on motion of the State, dismissed the State's confirmation suit in so far as it involved these lands; but the controversy between appellants and appellees was not tried until May 26, 1947, when the lower court decreed that appellees were owners of the respective tracts claimed by them.

It was shown conclusively that the Yarberrys entered into possession of the two tracts on August 29, 1939, made improvements thereon and they and their grantees had thereafter and for more than two years remained in possession.

It is apparent that neither the title nor peaceful possession of appellees was in any manner challenged until December 10, 1941, when they were made parties to appellants' intervention. At this time appellees' possession of the property, under their respective deeds from the Land Commissioner, had continued for more than two years.

Section 8925, Pope's Digest, provides: "No action for the recovery of any lands, or for the possession thereof against any person or persons, their heirs and assigns, who may hold such lands by virtue of a purchase thereof at a sale by the collector, or commissioner of State lands, for the nonpayment of taxes, or who may have purchased the same from the State by virtue of any Act providing for the sale of lands forfeited to the State for the nonpayment of taxes, or who may hold such land under a donation deed from the State, or who shall have held two years actual adverse possession under a donation certificate from the State, shall be maintained, unless it appears that the plaintiff, his ancestors, predecessors, or grantors, was seized or possessed of the lands in question within two years next before the commencement of such suit or action, and it is hereby intended that the operation of this Act shall be retroactive."

We have frequently held that this is a valid statute of limitation and that possession for two years of tax

474

forfeited lands under a deed from the land commissioner vests a good title in the purchaser or donee, regardless of the invalidity of the tax sale by which the State acquired same. *Sparks* v. *Farris,* 71 Ark. 117, 71 S. W. 255, 945; *Ross* v. *Royal,* 77 Ark. 324, 91 S. W. 178; *Rucker* v. *Dixon,* 78 Ark. 99, 93 S. W. 750; *Kelley* v. *McDuffy,* 79 Ark. 629, 96 S. W. 358; *Schuman* v. *Kerby,* 203 Ark. 653, 158 S. W. 2d 35; *Chavis* v. *Henry,* 205 Ark. 163, 168 S. W. 2d 610; *Bridwell* v. *Davis,* 206 Ark. 445, 175 S. W. 2d 992; *Terry* v. *Drainage District No. 6, Miller County,* 206 Ark. 940, 178 S. W. 2d 857; *Sims* v. *Petree,* 206 Ark. 1023, 178 S. W. 2d 1016; *Honeycutt* v. *Sherrill, Trustee,* 207 Ark. 206, 179 S. W. 2d 693; *Jaedecke* v. *Rummell,* 207 Ark. 286, 180 S. W. 2d 842.

That the period of limitation fixed by this statute is a comparatively short one, and that an enforcement of the rule provided in this statute may, in some cases, work a great hardship or apparent injustice are matters addressing themselves to the legislative branch of government.

The decree of the lower court was in accordance with the statute and our construction thereof; and it is affirmed.