HOCH v. RATLIFF.

4-9020                                    226 S. W. 2d 39

### Opinion delivered January 9, 1950.

### Rehearing denied February 13, 1950.

---

*Wood & Chesnutt,* for appellants.

*H. A. Tucker,* for appellee.

## OPINION

Minor W. Millwee, Justice. On February 17, 1948, appellee, M. C. Ratliff, filed a petition in the chancery court pursuant to Ark. Stats. (1947), §§ 34-1918 to 34-1925, for confirmation of a tax title to the West ½ of the NE¼ of Section 2, Township 2 South, Range 19 West in Garland County, Arkansas. The petition alleged that appellee acquired title to the lands under a clerk's tax deed of November 14, 1945, based on a collector's sale in November, 1943, for the delinquent taxes of 1942; that the time for redemption had expired; that there was no one in possession claiming adversely to appellee; and that he had paid the taxes for two years after expiration of the right of redemption and for three consecutive years immediately prior to the filing of the petition for confirmation. In affidavits filed with the petition and introduced at the trial, appellee and two others stated that he had been in open, notorious and adverse possession of the land "for a great number of years," and since the date of purchase.

Appellants are non-residents and the widow and heirs of A. A. Hoch, deceased. They owned the lands at the time of the tax sale to appellee. The response and cross-complaint of appellants admitted possession of the

lands by appellee but alleged that he and his father, Will Ratliff, were in possession as tenants of the appellants under an agreement to pay the taxes for which the lands forfeited; and that the purchase by appellee was pursuant to a conspiracy between appellee and his father whereby the latter permitted the lands to become delinquent and arranged for appellee to purchase at the 1943 tax sale. Appellants further alleged that the tax sale was void for certain defects and irregularities and asked for cancellation of the clerk's deed to appellee. The reply of appellee contains a general denial of the allegations of the response and cross-complaint.

The evidence discloses that the lands in question are situated about 1½ miles from the farm of Will Ratliff, father of appellee. In 1929 A. A. Hoch, through a local agent, leased the land to Will Ratliff for a year with option to renew for four additional years at a rental of $50 per year. Will Ratliff held the land for five years and continued to rent the lands from year to year thereafter at the same rental until some time prior to the sale of the lands for taxes in 1943. After the death of A. A. Hoch in 1937 rents were paid to appellant, Harry A. Hoch, until about 1941.

Will Ratliff testified that he had nothing to do with the tax payments and had no agreement with appellants or their father relative thereto; that he learned that Ike Kempner had purchased the lands at the 1941 tax sale and so advised Harry A. Hoch who instructed Ratliff to redeem the lands and deduct the amount from the annual rent, which was done; that he also wrote Hoch about the lands becoming delinquent for the 1941 taxes but received no answer, and that he had nothing to do with the lands since.

Appellee is 32 years of age and married about 10 or 12 years ago. He lives in a house which he built on his father's place and operates a small dairy which is stocked with a herd made up of his own and his father's cattle. He assisted his father in farming until the latter became disabled about five or six years before the trial. He testified that a neighbor informed him that

the land was delinquent and that the purchase at the 1943 tax sale was made without the knowledge of his father after the latter had quit working the land; that he sowed a meadow on it in 1945 and had been in possession of and used the lands since. Appellee redeemed the land in May, 1943, and has paid all taxes accruing on the lands since his purchase at the tax sale in November, 1943.

Appellant, Harry A. Hoch, resides in Pennsylvania and represented appellants in renting the lands after the death of his father in 1937. In his deposition he stated that Will Ratliff paid the taxes out of rents but gave no specific instances of such payments. Although he testified that he expected Will Ratliff to pay the 1942 taxes, he declined to say there was any agreement as to tax payments and stated that he had no dealings or transactions with either appellee or his father relative to the lands in question.

It is undisputed that appellee was never a tenant of, or had any dealings with, the appellants or A. A. Hoch, deceased, concerning the lands in question. However, appellants contend that appellee knew that his father was still a tenant when he purchased at the tax sale in 1943; that he also knew that his father was obligated to pay the taxes out of rent; and that the two entered into a conspiracy to deprive appellants of their land by the forfeiture and sale to appellee.

In the recent case of *Sims* v. *Petree*, 206 Ark. 1023, 178 S. W. 2d 1016, we said: "It is well settled that a tenant may become the purchaser of the rented premises at a tax sale, or may purchase same from the state. 'A tenant is not bound, . . . to see that the taxes assessed upon the land are paid; and if the land be forfeited for nonpayment of taxes, . . . and the tenant become the purchaser, he may set up such title against his landlord.' (Headnote) *Bettison* v. *Budd,* 17 Ark. 546, 65 Am. Dec. 442; *Ferguson* v. *Etter,* 21 Ark. 160, 76 Am. Rep. 545; *Ray* v. *Stroud,* 204 Ark. 583, 163 S. W. 2d 173. A tenant may not, while in possession of land under a rental agreement, claim that his possession

is adverse to the rights of his landlord. *Dickinson* v. *Arkansas City Improvement Co.*, 77 Ark. 570, 92 S. W. 21, 113 Am. St. Rep. 170. But this court has held that one who enters as tenant is not precluded from subsequently holding adversely to his landlord. *Gee* v. *Hatley,* 114 Ark. 376, 170 S. W. 72.'' See, also, *Billingsley* v. *Lipscomb,* 211 Ark. 45, 200 S. W. 2d 510; *Hill* v. *Barnard, ante,* p. 29, 224 S. W. 2d 31.

Since appellee was never a tenant of appellants or A. A. Hoch, deceased, the question here is whether he was nevertheless under obligation or duty to pay the taxes for which the lands forfeited and whether he fraudulently conspired with his father to deprive appellants of their land. From the testimony above set out, the chancellor evidently concluded that appellee acted in good faith and refused to hold that the tax purchase was part of a fraudulent scheme to deprive appellants of their property. It is elementary that fraud is never presumed but must be proved to entitle the party asserting it to the relief prayed. We cannot say that the finding of the chancellor is against the preponderance of the evidence.

Appellants also contend that the 1943 tax sale was void because of certain defects and irregularities. The defects relied upon are: (1) the insufficiency of the clerk's affidavit to the assessor's report of assessment required by Ark. Stats. (1947), § 84-447; and (2) the sale of the land as one tract under Act 170 of 1935 when the taxes were extended against the land as two separate tracts. Appellee insists that the invalidity of the tax sale is immaterial under, the provisions of Ark. Stats. (1947), § 34-1419, which limits to two years the time for commencing actions for the recovery of lands sold by the collector for nonpayment of taxes. This statute was construed in *Ross* v. *Royal,* 77 Ark. 324, 91 S. W. 178, and the following statement from that case has been approved in many subsequent cases: ''The statute under consideration is plainly a statute of limitation, and begins to run, not from the date of sale, but from the date actual possession is taken under the deed. *Haggert* v. *Ranney,* 73 Ark. 344, 84 S. W. 703; *McCann* v. *Smith,* 65

Ark. 305, 45 S. W. 1057. Actual possession of land taken and held continuously for the statutory period of two years under a clerk's tax deed or donation deed [or donation certificate] issued by the Commissioner of State Lands bars an action for recovery, whether the sale be merely irregular, or void on account of jurisdictional defects." In *Honeycutt* v. *Sherrill, Trustee,* 207 Ark. 206, 179 S. W. 2d 693, we held that the fact that the sale by which the State obtained title was a nullity did not affect the validity of the title of one who entered upon the land under a deed from the State and held adversely for two years.

It is argued by appellants that § 34-1419, *supra,* being a statute of limitation must be pleaded in equity, unless the pleadings on their face show that it applies, and that appellee failed to plead the statute. We think the pleadings in the instant case disclose the applicability of the statute. The affidavits of appellee and two other persons were filed with the petition for confirmation and specifically assert that appellee had been in adverse possession of the lands "for a great number of years." It is undisputed that appellee has openly held possession of and cultivated the lands since he purchased from the state and there was a sufficient showing of adverse possession for two years under the 1945 clerk's deed.

The decree of the trial court confirming appellee's title and dismissing the cross-complaint of appellants is supported by the preponderance of the evidence, and is affirmed.