SAGE LAND & LUMBER COMPANY *v*. HICKEY.

5-97                                                257 S. W. 2d 941

Opinion delivered May 11, 1953.

*Luther H. Cavaness,* for appellant.

*Merle Shouse,* for appellee.

MINOR W. MILLWEE, Justice. This is a suit by the appellant, Sage Land & Lumber Co., to set aside a tax sale and clerk's deed based thereon. The facts are undisputed.

Appellant owned the 40-acre tract which was wild and unimproved in November, 1944, when Appellee Jim Campbell purchased it at a sale for the 1943 taxes which had actually been paid by the appellant on March 16, 1944. A clerk's tax deed was issued to Campbell on April 27, 1948, and recorded on the same date. Campbell and wife deeded the land to appellee A. D. Hickey on May 10, 1948, and this deed was recorded on March 3, 1952.

Hickey went into possession immediately following his purchase and fenced the land in October, 1948. He cleared part of the tract and made a tomato crop on it in 1949 and a corn and cane crop in 1950. He cleared the balance of the tract in 1951 and has since maintained it as a fenced pasture.

Appellant paid the taxes on the land for the years 1945 to 1948, inclusive, while appellee Hickey paid the taxes for 1949, 1950 and 1951. This suit was instituted by the appellant on January 29, 1952.

The chancellor found from the undisputed evidence that appellant's suit was barred because it did not appear, "that the plaintiff (appellant), his ancestors, predecessors, or grantors, was seized or possessed of the lands in question within two years next before the commencement of such suit," as required by Ark. Stats., § 34-1419. Appellant contends that application of the statute in a case where the tax sale is void because the taxes had already been paid would result in an unconstitutional taking of one's property without due process of

law, and that the Legislature only intended to make the statute applicable when the taxes were in fact delinquent and unpaid.

In a long line of decisions we have held the statute applicable to possession under a tax deed which sufficiently describes the land even though such deed is void for other reasons, including jurisdictional defects. In *Dickinson* v. *Hardie,* 79 Ark. 364, 96 S. W. 355, the tax title purchaser held possession for more than two years under his deed although the original owner had actually paid the taxes prior to the sale, as in the instant case. In holding the original owner's suit barred by the statute, the court said: "The appellee argues that this section can not apply because this could not be a sale for non-payment of taxes; that the collector, no more than any other citizen of the State, has the right to sell lands unless in fact there has been a nonpayment. It is true that the collector has no such right; but still he did sell for an alleged nonpayment, and the purchaser went into possession under deed based upon such sale, and continued in possession for more than two years before this suit was brought.

"This is purely a statute of limitations, and runs against void sales, as well as voidable sales or regular sales. The statute is not in favor of those holding under valid deeds issued pursuant to valid tax forfeitures and valid sales, but is in favor of the possession for two years under deeds therein mentioned, one of which is the deed under which Dickinson held here.

"A statute of repose is not needed in favor of purchasers at valid tax sales. The validity of the sale and precedent proceedings effectually carries the title, and renders unnecessary such statutes, and they are enacted for the benefit of those acquiring these State titles and quieting these questions after two years possession under them. This whole matter was gone into fully and conclusively in the recent case of *Ross* v. *Royal,* 77 Ark. 324."

In *Norwood* v. *Mayo,* 153 Ark. 620, 241 S. W. 7, this court recognized that the cases of *Ross* v. *Royal* and

*Dickinson* v. *Hardie, supra,* represented the minority view in this country but specifically declined to overrule them saying the opinions had become rules of property in this State. See, also, *Honeycutt* v. *Sherrill, Trustee,* 207 Ark. 206, 179 S. W. 2d 693, and cases there cited.

In discussing the operation and effect of the statute in *Baum* v. *Yarberry,* 212 Ark. 471, 206 S. W. 2d 190, we said: "That the period of limitation fixed by this statute is a comparatively short one, and that an enforcement of the rule provided in this statute may, in some cases, work a great hardship or apparent injustice are matters addressing themselves to the legislative branch of government."

Appellant also argues that the statute is inapplicable because the appellees did not pay taxes on the land until 1950. However, we have held that the adverse possessor's failure to pay subsequent taxes does not operate to deprive him of the benefit of the statute. *Schuman* v. *Kerby,* 203 Ark. 653, 158 S. W. 2d 35.

Appellant also says that appellees entered into a conspiracy to cheat and defraud the appellant of its property. It is unnecessary for us to determine whether it would make any difference if the tax deed was void for that reason since the appellant neither pleaded nor proved such fraudulent conspiracy.

It is undisputed that appellee Hickey went into actual possession of the land under the tax deed and held such possession for more than two years before this suit was instituted. He thereby acquired title by adverse possession under the statute.

Affirmed.