BROWN *v.* MASTERSON

5-3861                                    402 S. W. 2d 666

Opinion delivered May 16, 1966

*Dale L. Bumpers,* for appellant.

*Wayland A. Parker,* for appellee.

GUY AMSLER, Justice. The very able chancellor in his opinion on this case seems to have adequately recited the pertinent facts as follows:

"Plaintiffs allege that on April 3, 1891, Sarah A. Jamison received U. S. Patent under Homestead

Certificate No. 5622 to the following lands in Greenwood District of Sebastian County, Arkansas, to-wit:

Lot Three (3) of the Northwest Quarter (NW¼) of Section Five (5), Township Eight (8) North, Range Twenty-nine (29) West, containing 111.54 acres.

"Said Sarah A. Jamison married James Larkin Steele, who died intestate in the year 1916. Thereafter, she married R. M. Floyd, and after they married she and her husband conveyed the following lands to Jess and Ellen Broughton, to-wit:

A plot of land containing 11.54 acres in the Northwest Quarter (NW¼) corner of Section Five (5), Township Eight (8) North, Range Twenty-nine (29) West, this plot of land runs two (2) acres wide from North to South and running West and East a distance sufficient to contain 11.54 acres.

"Sarah A. Steele Floyd died intestate December 17, 1939, leaving as her sole and only surviving heirs at law: R. M. Floyd, Rose Mae Barber, Fred Steele and Jessie Steele, Ellen Broughton, Eaph Steele and Mrs. Eaph Steele, Nora Ada Brown, Amy Cupp, James M. Steele and Mrs. James M. Steele.

"Thereafter, Rose Mae Barber died as Rose Mae Barber in 1960, leaving her surviving the following named heirs: Bill Freeman, Clyde Barber and Lucille Barber, Jim Barber and Evelyn Barber, Ruby Francis, William Barber and Sue Barber.

"That the said son, Fred Steele, died April 10, 1945, leaving him surviving: Jessie Steele, Madge Steele, James Larkin Steele, and Mrs. James Larkin Steele.

"That the said Ellen Broughton died November 2, 1962, leaving the following surviving heirs at law: Jess Broughton, Nora Jones, Letha Hobbs, Bill Broughton and Para Lee Broughton, Florence Hobbs, Mary Elkins.

"Said lands were assessed in 1952 for $200.00, the taxes on which was $9.00, and was assessed as follows:

"J. M. Steele, Lots 2-3, NW¼, 5-8-29."

"Said taxes were not paid when due and said lands were sold on November 9, 1953, for the delinquent taxes and subsequently certified to the State, December 28, 1955.

"On January 8, 1957, the defendant, Jim Masterson, purchased said lands from the Commissioner, and received a State deed, which is recorded in Deed Book 121 at page 186, under the following description:

Lots 2-3 NW¼ 5-8N-29W 96.57 acres.

"Thereafter, Jesse Steele, widow of Fred Steele, deceased, conveyed by quit claim deed the following lands, to-wit:

Lot 3 of the Northwest Quarter of Section 5, Township 8 North, Range 29 West, except a parcel in the Northwest corner thereof which runs 2 acres wide from North to South and running West to East a distance sufficient to constitute 11.54 acres,

to Jim Masterson.

"On June 30, 1964, James M. Steele, a single man, conveyed by quit claim deed to Nora Ada Brown the following described lands:

Lot 3 in the Northwest Quarter of Section 5, Township 8 North, Range 29 West except a parcel in the Northwest corner thereof which runs two acres from North to South and West to East a distance sufficient to constitute 11.54 acres.

"Plaintiffs contend that the sale to the State of Arkansas, and the subsequent conveyance to Jim Masterson is void for 9 separate reasons as set out in paragraph 12 of their complaint.

"Plaintiffs offer to reimburse the defendants for all taxes, penalty and interest paid and incurred by them."

The trial judge continued:

"The defendants filed an answer denying all allegations except the purchase of said lands from the State of Arkansas on the 8th day of January, 1957, and further allege that after said purchase, they immediately took possession of said lands and that said possession on their part as being continuous, peaceful, open and notorious, adverse and under color of title. That they have so used and occupied said lands and paid the taxes thereon for more than 7 years last past. The defendants further allege that said sale to the defendants from the State of Arkansas, was confirmed by the Chancery Court in and for the Greenwood District of Sebastian County in the year 1957.

"They pray that the complaint of plaintiff be dismissed for want of equity and that title be quieted in them.

"Thereafter, and on October 6, 1964, the defendants filed an amended answer in which they plead the protection of Ark. Stat. Ann. § 34-108 (Repl. 1962).

"The defendants further allege that during their possessive years, they have improved said lands in the amount of $3,000.00, and ask for betterments under the provision of Ark. Stat. Ann. § 34-1420 (Repl. 1962).

"Thereafter, on October 14, 1964, the plaintiffs filed an amendment to their petition to show that Pauline Wilson was a surviving heir of Ellen Broughton, changed the name of Florence Hobbs to Florene Hobbs and supplemented paragraph 12 as follows: (j) That the aforesaid lands were erroneously assessed since lots 2 and 3 contained 191.54 acres of land and the tax assessed thereon was almost double the taxes due."

The chancellor then concluded:

"Plaintiffs contend and list the issues as follows:

(1) Was the tax sale to the State of Arkansas void?

(2) Are plaintiffs barred by the Statute of Limitations?

(3) Did confirmation cure the sale if originally void?

(4) If the sale was void, and confirmation did not cure the defects, do defendants own the property by adverse possession?

"To sustain their position, plaintiffs rely upon the provisions of Ark. Stat. Ann. § 84-1102 (Repl. 1960) et seq. These statutes provide that the clerk attach a certificate at the foot of the record, stating the name of the newspaper in which the delinquent list was published and the date.

"Ark. Stat. Ann. § 84-1118 (Repl. 1960) provides

a limitation of two (2) years from date of sale for any contest to be filed.

"Ark. Stat. Ann. § 34-1419 (Repl. 1962) provides as follows:

"No action for the recovery of any lands, or for the possession thereof against any person or persons, their heirs and assigns, who may hold such lands by virtue of a purchase thereof at a sale by the collector, or commissioner of State Lands, for the nonpayment of taxes, or who may have purchased the same from the State by virtue of any act providing for the sale of lands forfeited to the State for the nonpayment of taxes, or who may hold such land under a donation deed from the State, shall be maintained, unless it appears that the plaintiff, his ancestors, predecessors, or grantors, was seized or possessed of the lands in question within two (2) years next before the commencement of such suit or action, and it is hereby intended that the operation of this act shall not be retroactive.

"The defendants rely upon this statute, and cases construing the same as a complete bar to plaintiffs' recovery.

"The only witness for plaintiffs, Nora Ada Brown, traced the history of the Steele family and further testified that neither she nor any of plaintiffs had ever been in possession of said real estate.

"The above is a statute of limitations and one holding lands under a State Deed adversely for the statutory time, title is vested regardless of a defect in the tax sale. *Honeycutt* v. *Sherrill*, 207 Ark. 206, 179 S. W. 2d 693; *Terry* v. *Drainage District No 6, Miller County*, 206 Ark. 940, 178 S. W. 2d 857.

"Plaintiffs contend, however, that (1) this is not

a suit for the recovery of lands but to remove a cloud on the title, and (2) that said lands were sold under a void description.

"Jim Masterson testified that he took possession of these lands in 1957 and leased to Tom White for pasture purposes, for $40.00 per year. He has a quit claim deed from Jessie Steele, that he expended about $1,200.00 to $1,500.00 in improvements.

"While plaintiffs couch their complaint in terms calculated to lead one to believe that it is a suit to cancel a deed and remove a cloud from the title, it is in fact a suit to recover land. If the plaintiffs rely on their theory they are faced with the same issue.

"To remove a cloud from a title, plaintiff must show that he is in possession of the land * * * A Chancery Court cannot remove a cloud where plaintiffs assert a legal title and defendants are in possession since there is a complete and adequate remedy at law. *Rowe* v. *Allison,* 87 Ark. 206, 112 S. W. 395. In a suit such as this one, plaintiffs must succeed, if at all, on strength of their own title, and cannot rely on weakness of his adversary's title. *Sanders* v. *Baker,* 217 Ark. 521, 231 S. W. 2d 106; *Crow* v. *Johnson,* 209 Ark. 1053, 194 S. W. 2d 193.

"In *Lumsden* v. *Erstine,* 205 Ark. 1004, 172 S. W. 2d 409, 147 A. L. R. 1132, the Supreme Court of Arkansas held after the lapse of a year from confirmation pleadings under Act 119 of 1935, all irregularities and defects are cured except those that go to the power to sell * * *. 'Power to sell' requires concurrent existence of a valid law, lawful tax, legally assessed and levied on land liable to the tax, and the owner fairly in default. This case is also authority for the proposition that a void description defeats the power to sell, and confirmation proceedings cannot cure this defect. The land involved in the

instant case was sold under the description J. M. Steele, lots 2-3, (NW¼, 5-8-29). Under the controlling cases this is not a void description and fairly places the landowner on notice that his property has been sold for taxes even though lot 2 did not belong to the landowner.''

We think the findings and conclusion of the Chancery Judge are supported by a preponderance of the evidence and that he has correctly applied the controlling legal principles and that the record contains no error.

Affirmed.

BLAND, J., not participating.
GEORGE ROSE SMITH, J., concurs.