Mrs. Frank THOMAS *v.* Bill D. STOBAUGH et ux

5-4558                    427 S. W. 2d 170

Opinion delivered May 6, 1968

*Felver A. Rowell Jr.,* for appellant.

*Gordon & Gordon,* for appellees.

PAUL WARD, Justice. This litigation is over the ownership of a city lot. Appellant sued to quiet title on the ground of adverse possession. The trial court held in favor of appellees who held the record title. The background facts, set out below, are not in dispute.

On July 30, 1947 appellee, Bill D. Stobaugh, received a warranty deed to lots 94, 95, and 96 in Parkdale Addition to the City of Morrilton, Arkansas. On March 7, 1949 he sold lots 94 and 95 to I. E. Halbrook. On June 7, 1954 Halbrook sold lots 94 and 95 to Mr. and Mrs. Frank G. Thomas. There was a dwelling on lots 94 and 95 which abutted lot 96 to the south. While Halbrook lived on lots 94 and 95 he had permission from Stobaugh to make use of lot 96. Mr. Thomas died in 1956.

On May 1, 1967 Mrs. Thomas, appellant, filed a petition in chancery court to quiet title to lot 96, alleging: She acquired title to said lot by proper conveyance, and by adverse possession for more than ten years during which time she paid taxes on the lot. In answer to the petition appellee alleged he was the owner of lot 96, and that appellant was not in possession of said lot.

After presentation of testimony on the issues joined, the trial court found and held: The defendants (Stobaugh and wife) hold record title to lot 96; plaintiff

had permissive use of said lot but did not give appellees notice of adverse holding, and; plaintiff "did not have possession sufficient to constitute notice to defendants of adverse possession".

On appeal, for a reversal, appellant relies on one point: "The findings of the trial court are against the preponderance of the evidence." For reasons hereafter mentioned, we are unable to agree with appellant.

Both sides here have cited and discussed several decisions and authorities relating to acquisition of title to real estate by adverse possession, but, after careful consideration, we feel that the rules applicable to the facts in this case have been adequately announced in two decisions of this Court.

In *Gee* v. *Hatley,* 114 Ark. 376, 170 S. W. 72, where a fact situation similar to the one here was presented, the Court made the following statement:

"And it is true that it having been shown that Brooks entered into the permissive possession of the land, the presumption is that his subsequent possession and that of those claiming under him was in subordination to the church's title and pursuant to this permission. But this presumption may be overthrown by the evidence, and the jury should find that it was overthrown, and that the possession was adverse, if they should find the fact to be that the trustees of the church had actual notice of this adverse possession, or that defendants' occupancy had been so inconsistent with the presumption of a permissive possession as to impute knowledge to the trustees of that hostility."

The above decision has been cited with approval by this Court many times. In *Dial* v. *Armstrong,* 195 Ark. 621, 113 S. W. 2d 503, where the *Gee* case was cited and approved, the Court also said:

"The rule is that where the entry is permissive the statute will not begin to run against the legal owner until an adverse holding is declared, and notice of such change is brought to the knowledge of the owner." (citing cases)

An application of the above rules here calls for an affirmance of the trial court unless the weight of the evidence shows: (a) appellees had actual knowledge that appellant was claiming title to lot 96, or; (b) appellant's acts of possession were sufficient to impute such knowledge to appellees. It is our conclusion that the case must be affirmed on both grounds.

(a) It is not even contended by appellant that she or anyone else ever actually told appellees (or either of them) that she was claiming title to lot 96. Mr. Stobaugh denies that he had such notice, and we find nothing in the record to the contrary.

(b) A much closer question is here presented. It is not questioned by appellees or anyone else that appellant and her husband exercised acts of control and possession over lot 96. They planted a garden each year; they tore down old buildings; they mowed the grass, and; they put a hedge across the front. However, there were other facts and circumstances which, we think, justified and support the trial court.

When Halbrook moved on lots 94 and 95 he was given permission to use lot 96, which, apparently, was unsightly because of old buildings and undergrowth. Consequently Stobaugh gave him permission to use it in any way he desired. When appellant (and her husband) moved in they used lot 96 as previously indicated. Mr. Stobaugh testified that all this was agreeable to him. The record shows that appellees had moved away from Morrilton in 1947 and did not return until 1959. Also, the trial court could have concluded that appellant was confused as to certain matters. She stated they were

supposed to get title to lot 96, but their warranty deed (Transcript p. 20) plainly shows otherwise. Appellant stated they had paid taxes on lot 96 from 1955 to 1959, but tax receipts attached to the record show otherwise. This discrepancy, however, is explained by the record so as not to reflect on the integrity of appellant.

The close question therefore is: Were the above acts of possession, when viewed together with all the attending circumstances, sufficient to constitute notice to appellees that appellant was claiming absolute title to Lot 96? The trial court found they were not sufficient, and we are unable to say such finding is against the weight of the evidence.

Affirmed.

BYRD, J., dissents.