James Edward McDOWELL, Floyd C. McDOWELL, Donald A. McDOWELL and James L. McDOWELL
*v.* Beatrice M. KING

CA 79-127                    589 S.W. 2d 594

Opinion delivered October 17, 1979
[Petition for review denied November 19, 1979.]
[Petition for rehearing denied November 28, 1979.]
·and released for publication November 28, 1979

*Huey & Vittitow,* for appellants.

*Haley & Claycomb,* for appellee.

DAVID NEWBERN, Judge. This case was appealed to the Arkansas Supreme Court which assigned it to the Court of Appeals in accordance with Supreme Court Rule 29(3).

The suit below was brought by the heirs of Charles McDowell to quiet title in two lots located in Warren, Arkansas. The named defendant was Beatrice King who claimed title by virtue of adverse possession and tax deeds she acquired in 1975. The parties stipulated that Mrs. King's tax deeds were invalid, but they correctly assumed that, in accordance with Ark. Stat. Ann., § 34-1419 (Repl. 1962), a party asserting title against one who has tax deeds must have been in

possession within two years prior to the commencement of the action, regardless of the validity of the tax deeds. *Terry* v. *Drainage Dist. No. 6*, 206 Ark. 940, 178 S.W.2d 857 (1943); *Honeycutt* v. *Sherrill*, 207 Ark. 206, 179 S.W.2d 693 (1943); *Honeycutt* v. *Sherrill*, 207 Ark. 206, 179 S.W.2d 693 (1944); *Pitts* v. *Johnson*, 212 Ark. 119, 205 S.W.2d 449 (1947), and *Sage Land & Lumber Co.* v. *Hickey*, 222 Ark. 147, 257 S.W.2d 941 (1953). The parties, both at the trial and on this appeal, seemed to see the issue as whether Mrs. King was actually in possession of the property. As we see the issue, however, that factual determination is not controlling. Rather, the question is whether Mrs. King gave notice of her claim to Mr. McDowell or his successors sufficiently to convert her originally permissive possession into adverse possession. In this de novo review, we have no hesitancy in examining the record from this point of view.

Charles McDowell died intestate in 1970. Thus, the appellants, his heirs, are successors to his interest in the property in question. They contend they are not barred by the two-year statute because Mrs. King was their tenant, and thus they were in possession of the property during the time she lived there. Mrs. King contends she has been holding adversely to Charles McDowell and the appellants since she received her tax deeds, at least, thus invoking the two-year statute, and that she has been in actual, adverse possession since 1970 when she decided to make her claim to the land.

Prior to moving to California in the early 1960s, Charles McDowell and his family lived in a house on the property in question. After they left, the property was rented to Mrs. King, who was then Mrs. Martin, and her husband for $18.00 per month. The 1964 taxes were delinquent, and the property was certified to the State. That land was redeemed in the name of Charles McDowell by Mr. Martin, who was then the husband of Mrs. King. From 1965 until 1972, the taxes were paid by Mrs. King or her husband in the name of Charles McDowell. The rental payments continued only for a short period. Mrs. King testified she had "decided to claim the property in 1970" as she had talked to Mr. McDowell by telephone, and he had said she and her husband could have the house, apparently because he had no money with which to pay the taxes. Her own testiomony, however, showed her

telephone conversation with Mr. McDowell to have occurred in 1965, long before she quit paying the taxes in his name.

Mr. Herbert Green, a stepson of Charles McDowell, testified that as of 1965 Mr. McDowell, who had been taken to California to live with Mr. Green, had lost his memory. Mr. Green's testimony was that he had, on behalf of Mr. McDowell, advised Isreal Thomas, the rental agent or "go-between," to tell Mrs. King and her husband they could stay on the property if they would keep it up and pay the taxes in Mr. McDowell's name. Mrs. King says she received no such message.

In 1971, Mrs. King and her husband divorced, and she moved off the property, leaving her daughter to live there. The evidence conflicted as to the quality of Mrs. King's possession thereafter, but as stated earlier, because of the view we take of this case, that evidence is not relevant.

There is no showing by Mrs. King that any notice of her claim of ownership was given to Mr. McDowell or his heirs. Mr. Green testified he first learned of the tax deed claim on a visit to Arkansas in 1976. Mr. Green is not one of the appellants, and thus even the notice to him could not be considered notice to them. Even if it could be so considered, it would have fallen far short of effecting Mrs. King's adverse possession two years before this action was brought, as the complaint was brought in July, 1978, and Mr. Green's visit to Arkansas occurred in September, 1976.

For permissive possession to become adverse possession, notice must be given to the owner. *Still* v. *Still,* 239 Ark. 865, 394 S.W.2d 733 (1965); *Thomas* v. *Stobaugh,* 244 Ark. 787, 427 S.W.2d 170 (1968). These cases seem to require actual as opposed to constructive notice, but in this case, there is not even a showing of constructive notice. The reason the parties stipulated the tax deeds were void was failure to conduct the tax sale in accordance with the required statutory procedures. An affidavit by the Bradley County Clerk was introduced in which he said he could find no proof of the required publication of the list of property to be sold for delinquent 1972 taxes. It was that year in which the alleged

delinquency occurred which permitted Mrs. King to make her purchase.

In *Laney* v. *Monsanto Chemical Co.*, 233 Ark. 645, 348 S.W.2d 826 (1961), the Arkansas Supreme Court refused to permit a claim of title by a tax deed holder even though the prior record owner knew of the tax sale where he had no notice of the attornment of his tenant to the tax deed holder.

The record contains no evidence of notice of any kind to the appellant heirs or their predecessor in title. Thus, the appellee's claim which rests wholly on a showing of adverse possession following possession by permission must fail, and we reverse and remand for entry of a decree consistent with this opinion and for determination whether Mrs. King is entitled, under Ark. Stat. Ann., § 34-1423 (Repl. 1962), to recovery for any benefits she may have conferred on the appellants while she was in possession of the property.